SWING *v.* ST. LOUIS REFRIGERATOR & WOODEN GUTTER COMPANY.

Opinion delivered March 24, 1906.

1. FOREIGN JUDGMENT—PROOF.—In a suit by one claiming authority to sue as trustee under a foreign judgment, his authority, if questioned by the defendant, can not be proved merely by a copy of the judgment, but he must also prove such pleadings and proceedings as authorized or empowered that court to render the judgment. (Page 250.)

2. STATUTE OF LIMITATIONS—BURDEN OF PROOF.—Where the statute of limitations is pleaded, the burden devolves upon the plaintiff to prove that the action was brought within time. (Page 251.)

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Hardage & Wilson, J. W. & M. House* and *Patterson A. Reece,* for appellant.

The statute of limitation does not begin to run in favor of a policy holder of an insolvent mutual insurance company until notice of an assessment has been given. 135 U. S. 533; 105 U. S. 143; 122 Ill. 630; 4 Blackf. 77; 107 Pa. St. 352; 60 Md. 93; 81 Ga. 383; 80 Ala. 159; 87 Ala. 619; 62 Vt. 148; 13 Va. L. J. 91; 68 Cal. 353; 2 S. C. 51; 19 Nev. 171.

*John H. Crawford,* for appellee.

1. No complete transcript of the record of the Ohio case was offered in evidence in this case. To show jurisdiction in that court, a certified copy of the judgment alone is not sufficient, but the pleadings and proceedings on which the judgment is founded, and to which, as matter of record, it refers, must be produced. 47 Ark. 120; 70 Ark. 343.

2. This action is barred by the statute of limitation. 68 Ark. 433. Where the liability of the shareholder is immediate and primary, and not contingent on the obtaining of a judgment against the corporation, the statute begins to run in favor of the shareholder when the debt matures against the corporation. Cook on Stock and Stockholders (1 Ed.), § 227 (g); Kirby's Digest, § 5064; 74 Cal. 167; 82 Cal. 653; 92 U. S. 509; *Ib.* 156; 103 U. S. 442; 97 U. S. 171; 95 U. S. 628.

Appellant's counsel in reply.

Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. Const. U. S. art. 4, § 1. See also U. S. Rev. Stat., § 905. The judgments of the courts of the United States, although their jurisdiction be not shown in the pleadings, are yet binding on all the world. 28 U. S. 207. The jurisdiction will be presumed if the record is silent on the subject; and, when a transcript shows clearly that there has been a judicial determination, the record is absolute verity. 43 U. S. 319, 340; 5 McLean, 167; 7 Col.

562; 31 Conn. 427; 5 Houst. (Del.) 519; 18 Ill. 133; 119 Ind. 103 *et seq.;* 5 Iowa, 301; 37 Kan. 33; 18 La. Ann. 682; 60 Md. 11; 62 Md. 198. A record does not need to set forth all the proceedings in detail. 92 Mass. 488. See also 100 Mass. 411. A complaint on a foreign judgment need not allege jurisdictional facts. 36 Minn. 177; 34 Miss. 330. See also 15 N. H. 15; 83 N. Y. 313; 19 Ohio C. C. R. 687; 27 Pa. St. 479; 36 S. W. 970; 20 Wash. 450.

Battle, J. James B. Swing, as trustee for the creditors and policy holders of the Union Mutual Insurance Company, of Cincinnati, Ohio, in a complaint in an action against the St. Louis Refrigerator & Wooden Gutter Company alleged that the Supreme Court of Ohio, on December 18, 1890, disincorporated said insurance company, and afterwards appointed plaintiff the trustee for the creditors and policy holders of the insurance company, and he accepted the trust and qualified, and is acting as such trustee; that said insurance company was a mutual company, and was incorporated under the laws of Ohio on May 27, 1887; that section 3650 of the Revised Statutes of Ohio provides that "every person who effects insurance in a mutual company, and continues to be insured, and his heirs, executors, administrators and assigns, shall thereby become members of the company during the period of insurance, and shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note." Said Mutual Insurance Company was doing business during the years 1889 and 1890. That the defendant accepted from the insurance company a policy of insurance on its property against loss by fire; that said policy was for $4,000, and was in force from May 1, 1889, to May 1, 1890, the annual premium on it being $96; that the contingent liability to assessment of the defendant, under the by-laws of the company and the statutes of Ohio and the decree hereinafter mentioned, was and is five times the annual premium, towit, $480; that by accepting and holding the policy the defendant effected insurance in the insurance company during the time and in the amount aforesaid, and became a member of the same, and is legally and equitably liable for its just proportion of all unpaid losses and expenses incurred by the insurance company

during the life of the policy and to pay such percentage on the amount of the contingent liability to assessment on the policy. That the Supreme Court of Ohio, on the 11th day of June, 1901, assessed the rate of liability of the members and stockholders of the insurance company for the unpaid losses and expenses of the company; that plaintiff, on or about the 6th day of September, 1901, notified the defendant to pay said assessment, but it refused to do so, and is indebted to him as such trustee, on the assessment, in the sum of $116.77, with six per cent. per annum interest thereon from 6th of September, 1901.

The defendant, the St. Louis Refrigerator & Wooden Gutter Company, answered and denied that the Supreme Court of Ohio disincorporated the insurance company and appointed plaintiff trustee as alleged, and made and entered a decree of assessment; and alleged that the Supreme Court of Ohio was without jurisdiction to appoint plaintiff trustee for the purposes alleged in the complaint; and pleaded the statute of limitation in bar of plaintiff's right to maintain this action.

In the trial of this action the following was shown to be a statute of Ohio: "Every person who effects insurance in a mutual company, and continues to be insured, and his heirs, executors, administrators and assigns, shall thereby become members of the company during the period of insurance, shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability; and the directors shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose, or as the by-laws prescribe, and the sum to be paid by each member shall always be in proportion to the original amount of such liability, and shall be paid to the officers of the company within thirty days next after the publication of such notice," etc.

The issuance of the policy, the date, the amount, the premium and the time it was in force were shown to be as alleged in the complaint.

What was said to be the judgment of the Supreme Court of Ohio, without any pleadings or other proceedings, was read as evidence.

The defendant recovered judgment, and plaintiff appealed.

The appellee having denied that the Supreme Court of Ohio had jurisdiction to appoint appellant trustee, the duty and the burden devolved upon him to show jurisdiction. He failed to do so. He produced what he called the judgment of the court appointing him trustee, but did not prove such pleadings and proceedings as authorized or empowered the court to render the judgment. "It is essential," says Mr. Freeman, "that the jurisdiction of a court over a subject-matter be called into action by some party and in some mode recognized by law. A court does not have power to render judgment in favor of one as plaintiff if he has never commenced any action or proceeding calling for any action, nor has it, as a general rule, power to give judgment respecting a matter not submitted to it for decision, though such judgment is pronounced in an action involving other matters which have been submitted to it for decision, and over which it has jurisdiction. A petition or complaint must be filed in the court whose action is sought, or otherwise presented for its consideration in some mode sanctioned by law." 1 Freeman on Judgments, § 120, and cases cited.

Many illustrations might be given of this rule. A few will suffice. "The circuit courts of this State have jurisdiction to enforce the collection of debts according to an established procedure. A holds the bond of B for one thousand dollars, due and unpaid. He goes into a circuit court with the bond in his hand, and without writ issued or any pleadings, asks the court to award a rule against B to show cause why judgment should not be rendered against him for the debt and interest. The rule is accordingly awarded, executed, and returned, and judgment thereupon rendered for the debt, interest and costs. Such a judgment would be void, notwithstanding the court has jurisdiction of the subject and of the parties. Why void? Because, in the language of Mr. Justice FIELD, 'the court is not authorized to exert its power in that way.' The same would be true if A should sue' B on one bond, and in the same action decline to take judgment on the bond sued on, and take judgment on another bond of B, on which no suit had been instituted, without the consent of B." *Anthony* v. *Casey,* 5 Am. State Rep. 279; *Seamster* v. *Blackstock,* 83 Va. 232; *Munday* v. *Vail,* 34 N. J. L. 422.

Appellant was therefore without authority to bring or maintain this action.

Appellee having pleaded the statute of limitation, the burden devolved upon the appellant to prove that this action was brought within the time prescribed by the statute. *Taylor* v. *Spear,* 6 Ark. 382; *McNeil* v. *Garland,* 27 Ark. 343; *Carroll* v. *Clark,* 21 Ark. 500; *Railway* v. *Shoecraft,* 53 Ark. 96; *Leigh* v. *Evans,* 64 Ark. 26. The policy and membership of appellee in the insurance company expired on the first of May, 1890. The insurance company was disincorporated on the 18th day of December, 1890, by the Supreme Court of Ohio. Its directors, during its life, were authorized by the laws of Ohio to apportion its losses and expenses among its members, and to give notice of such apportionment; and thirty days were allowed in which to pay the amount so apportioned. This could have been done and the statute set in motion before the company was disincorporated. It was therefore necessary for appellant to prove that it was not done, in order to show that his action was not barred. The proceedings of the Supreme Court of Ohio alone were not sufficient to show that the action was brought within the time prescribed by the statute, because the statute of limitation might in the manner indicated have been set in motion before such proceedings were instituted.

The evidence fails to show that this action was brought within the time prescribed by the statute of limitation.

Judgment affirmed.