[No. 2726.    Oct. 9, 1923.]

BARKA v. HOPEWELL

SYLLABUS BY THE COURT

1. The probate courts are vested with exclusive original jurisdiction to hear and determine all controversies with regard to the duties, accounts, and settlements of executors, administrators, and guardians.

2. The district courts have no original jurisdiction of matters involving estates which are in process of probate. unless relief in equity is necessarily sought.

3. Where real estate belonging to an estate is omitted from the inventory and appraisement, it should be called to the attention of the probate court and caused to be included in a supplemental inventory and appraisement.

4. A creditor of an estate which is in process of probate, who desires to force a sale of the assets belonging to such estate, whether real estate or personalty, should apply to the probate court to have it direct the executor or administrator to take the necessary steps to bring about such sale.

5. Complaint examined, and **held** to state no facts entitling the plaintiff to equitable relief, because under such facts she has a complete and adequate remedy at law.

Error to District Court, Bernalillo County; Hickey, Judge.

Action by Jean Barka against Anna W. Hopewell, executrix of the last will and testament of W. S. Hopewell, deceased. Judgment for defendant, and plaintiff brings error. Affirmed.

Edward D. Tittman, of El Paso, Tex., for plaintiff in error.

E. W. Dobson, of Albuquerque, for defendant in error.

#### OPINION OF THE COURT

BRATTON, J. The plaintiff in error, Jean Barka, is the daughter of Willard S. Hopewell, deceased, and is a legatee under his last will and testament, which is being probated in the probate court of Bernalillo county. The defendant in error, Anna H. Hopewell, is the surviving widow of the said Willard S. Hopewell, and is the duly qualified and acting executrix under such will.

In her complaint the plaintiff in error charged that the inventory and appraisement which was filed in the probate court includes real estate of the value of $4,783.33, stocks and bonds of the value of $9,427.50, and a certificate of deposit in the sum of $6,700; that said executrix filed a report in the probate court showing she had collected cash in the sum of $3,419.22; and that since said report was filed she had collected, in cash, the further sum of $1,500. It was further charged that certain described real estate, of the value of $49,-000, belonging to such estate, was omitted from the inventory; that claims not exceeding $855 had been ap-

proved and allowed; and that a judgment in the sum of $14,500 was outstanding and unpaid. She further charged that she was a legatee under such will, by which she was given the sum of $5,000, of which sum she had been paid $650; that she had demanded payment of the remainder of her legacy, which had been refused for the reason the debts due by said estate had not been paid. A copy of the will was made a part of the complaint. The provision under which plaintiff in error derives her right is as follows:

"I hereby give, and bequeath and devise unto my daughter, Mrs. Jean Barka, the sum of five thousand dollars ($5,000) to be paid to her by my said executrix hereinafter named out of any part or portion of my estate after the payment of my debts."

She prayed that the executrix be compelled to account to her for all the assets belonging to said estate, including the real estate not incorporated in the inventory and appraisement, and that said executrix be compelled to pay the remainedr due upon such legacy.

The defendant in error interposed a demurrer which attacked the sufficiency of this complaint in several respects, among them being that the district court of Bernalillo county had no jurisdiction of the matters pleaded, but that the probate court of said county had the exclusive original jurisdiction thereof. This demurrer was sustained and the complaint dismissed.

[1, 2] The probate courts of the several counties within this state are, by statute, given exclusive original jurisdiction in numerous matters concerning estates and the duties of executors, administrators, and guardians with reference thereto, among them being the settlement and allowance of all accounts; the hearing and determination of all controversies respecting wills; the hearing and determination of all controversies respecting the duties, accounts, and settlements of such executors, administrators, and guardians. Section 1430. Code 1915, which confers this jurisdiction, provides:

"The probate courts shall have exclusive original jurisdic-

tion in all the following causes, to wit:   The probate of last wills and testaments, the granting of letters testamentary and of administration and the repealing and revocation of the same, the appointment and removal   *   *   *   of guardians of orphans and persons of unsound mind, the binding out of apprentices, the settlement and allowances of accounts of executors, administrators and guardians, the hearing and determination of all controversies respecting wills, the right of executorship, administration and guardianship, the hearing and determination of all controversies respecting their duties, accounts and settlements of executors, administrators and guardians, the hearing and determination of all controversies between master and those bound to him, the hearing and determination of all controversies respecting any order, judgment or decree in such probate courts with reference to any of the foregoing matters of which the probate courts are herein given exclusive original jurisdiction, and no suit shall be prosecuted or begun in any district court to review or in any manner inquire into or reopen or set aside any such order, judgment or decree, and no such order, judgment or decree shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law."

The terms of this statute are very broad, and they embrace a wide field. The probate courts are thereby given the exclusive original jurisdiction to hear and determine all controversies with regard to the settlement and allowances of accounts of executors, administrators, and guardians, and to determine all controversies respecting their duties, accounts, and settlements. The apparent object in view and purpose sought to be accomplished was to give complete jurisdiction to the probate court over the management of estates in so far as administering legal relief was concerned. And it is now the well settled and firmly declared law in this state that, by virtue of its provisions, the district courts have no original jurisdiction of matters concerning estates which are in process of probate, unless equitable relief is necessarily sought. To obtain relief in equity is the only instance in which the district courts can exercise original jurisdiction on such subjects. Perea v. Barela, 5 N. M. 458, 23 Pac. 766, and Id., 6 N. M. 239, 27 Pac. 507; Candelaria v. Miera, 18 N. M. 107, 134 Pac. 829; Michael v. Bush, 26 N. M. 612, 195 Pac. 904.

Plaintiff in error contends that by the terms of the

Constitution the district courts alone are vested with the exercise of original equitable jurisdiction; that the statute referred to cannot be held to grant exclusive original jurisdiction to the probate courts with regard to matters involving equitable jurisdiction, because it would run afoul with such constitutional provision. With this as an abstract statement of law, we have no quarrel. She asserts that she is proceeding in equity to compel an accounting on the part of the executrix of all the property of the estate, including that omitted from the inventory, so that it becomes necessary for us to determine whether under the facts pleaded she is entitled to such relief. To begin with, resort to equity cannot be had where the party has a complete and adequate remedy at law. This is a principle so well established that we deem it altogether unnecessary to cite authorities to support it.

[3] The only possible necessity for an accounting on the part of the executrix, under the facts shown in the complaint, arises from the omission to include in the inventory certain described real estate, as it does not appear that any controversy exists with regard to the validity of the bequest in question, nor the liability of the estate for its payment. To the contrary the validity of the legacy seems to be admitted and certain payments made to apply on it. If this inventory was filed while section 2246, Code 1915, was still in force and effect, such real estate should not be included therein, because by the terms of such statute personal property alone should be included in an inventory. This statute, however, was superseded by chapter 179, Laws 1921, which became effective on March 14, 1921, by the terms of which it is made the duty of executors and administrators to include in an inventory both real and personal property. The pertinent part thereof is found in section 10 as follows:

"That all executors and administrators, shall within thirty days after the date of their appointment, or if necessary, such further time not exceeding two months, as the court may allow, make and file with the clerk of the probate court an inventory, under oath, of all real and personal property of the

deceased which shall come to their knowledge or possession."

From the complaint, which was filed on November 14, 1921, we are unable to determine when the inventory in question was filed in the probate court, but assuming that it was filed after chapter 179, Laws 1921, supra, became effective, so that it was the duty of the executrix to include the real estate belonging to the estate therein, and that she failed to do so, under such circumstances it was the duty of the appellant to present the matter to the probate court, and have the executrix file a supplemental inventory including such omitted real estate therein and have it appraised as is provided by section 2247, Code 1915, which reads:

"If, after the filing of the inventory, property not mentioned therein shall come to the knowledge or possession of the executor or administrator, it is his duty immediately to make an inventory thereof, and cause the same to be appraised in the manner prescribed in this article, and file the same with the clerk."

By so doing she would be in complete and adequate relief in law so far as bringing this real estate into an inventory and having it appraised as a part of the estate are concerned.

[4, 5] Turning now to the next contention of the plaintiff in error that she is entitled to proceed in the district court because she is endeavoring to force a sale of the real estate belonging to this estate in order to pay off the debts, including her legacy, and that the district court alone can order such a sale, we think it was incumbent upon her to present this matter to the probate court by an appropriate motion or application, seeking to have it direct the executrix to take the necessary steps, by a proceeding in the district court, to obtain an order of sale. Section 1430, Code 1915, supra, by its express and unambiguous language, grants to the probate court exclusive original jurisdiction to supervise and determine all questions involving the duties of executors, administrators or guardians. This broad language was intended to keep the entire management,

supervision, annd control of the actions of such executors, administrators, and guardians within the jurisdiction of the probate courts. To sell the lands of an estate to pay off the debts of the decedent is but one of the duties of an executor or administrator. To take the necessary steps to bring about a valid sale is an incident to that duty. These are matters which fall within the terms of the statute which gives exclusive original jurisdiction to the probate courts to control. The same course should be followed in order to force a sale of personal property belonging to an estate in order to pay off its debts. If she failed to obtain the relief from the probate court, to which she was entitled, she could invoke the jurisdiction of the district court by appealing thereto in compliance with sections 1438 and 1439. Code 1915, or, in this case, the inventory showing assets belonging to such estate in excess of $2,000 she could remove the entire proceeding to the district court by complying with chapter 40, Laws 1919. So that, with reference to bringing the real estate omitted from the inventory into the assets of the estate, as well as bringing about a sale of the assets of such estate, both realty and personalty, a complete and adequate remedy at law is afforded by proceeding in the probate court in compliance with the terms of these statutes. The complaint does not charge any fraudulent mismanagement or devastavit on the part of the executrix; it fails to charge that the failure to include the omitted real estate in the inventory was knowingly, purposely, or fraudulently done; it is nowhere alleged that any controversy exists with regard to such real estate belonging to the estate. It affirmatively appears that such executrix does not have in her possession sufficient cash with which to pay off the debts of the estate, including the legacy in question, and that such legacy is not payable until all the debts are paid. In fact, no fraud whatever is charged, and no facts are shown which entitle the appellant to relief in equity.

It follows that the district court was without jurisdiction, and that the demurrer was properly sustained.

The judgment should, therefore, be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.