453 P.2d 380

**John W. JONES and the Probate Court of Union County, Plaintiffs-in-Error,**

v.

**Alice SEATON and the District Court for Union County, Defendants-in-Error.**

No. 8649.

Supreme Court of New Mexico.

April 21, 1969.

John B. Speer, Robert C. Resta, Albuquerque, for plaintiffs in error.

Wright & Kastler, Raton, Fike, Hunter & Schultz, Dalhart, Tex., for defendants in error.

## OPINION

CARMODY, Justice.

The district court, in ruling on an application in certiorari, held void an order of the Probate Court of Union County. The case is before us on writ of error.

Although the primary issue concerns the construction which should be given to a paragraph of a will designating an executrix, we do not reach the question because of the error of the district court in reviewing by certiorari the determination of the probate court.

To bring the case into proper perspective, we note the following: George W. Jones executed a will in 1956 which contained the following paragraph:

"I hereby nominate, constitute, and appoint my wife, Ida W. Jones, as executrix of this my last will and testament. In the event my wife should predecease me, then and in such event I hereby nominate, constitute, and appoint Alice Seaton as executrix of this my last will and testament. Having implicit faith in the integrity and ability of both of them, I waive the giving of bond and direct that they be permitted to serve as executrix without bond."

Jones died in 1967, leaving the will in effect even though earlier in the year he had brought suit against his wife for divorce and she had been declared incompetent. The divorce suit was still pending on the date of his death. Alice Seaton, who was Jones' stepdaughter, filed a petition for the probate of the will, alleging that Mrs. Jones was incompetent and seeking to have letters testamentary issued to herself. Objections were made by the heirs of Jones, after which the probate court heard evidence, admitted the will to probate, and approved the appointment by the heirs of John W. Jones as administrator w. w. a. Following the appointment and qualification of John W. Jones, Alice Seaton filed a "Petition for Writ of Certiorari" in the district court, alleging that the probate court had "exercised its judicial functions erroneously and exceeded its jurisdiction and said Order is illegal and void * * *." Writ of certiorari was issued and the formal record in the probate court was certified to the district court, but none of the testimony which had been heard in the probate court was submitted to the district court, apparently no record of the same having been taken. The case was argued in the district court on the record so submitted, and the district court determined that the probate court "exceeded its jurisdiction and exercised its judicial functions illegally and erroneously" and that the order made by the

probate court was null and void. The district court then directed the probate court to appoint Alice Seaton as executrix and issue letters testamentary to her. Writ of error was applied for in this court two days later.

■ The trial court was in error in reviewing the probate court's determination on writ of certiorari. Certiorari was available only if the probate court lacked jurisdiction in the case (In re Blatt, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656 (1937)), or if no right of appeal existed (Morris v. Apodaca, 66 N.M. 421, 349 P.2d 335 (1960)). As to the latter, there can be no question but that the right of appeal exists. It is provided both by the New Mexico Constitution (art. VI, § 27) as well as by several different sections of our statutes. See, particularly, §§ 16–4–18, 16–4–19, 21–10–1, 30–2–16 and 30–2–17, N.M.S.A.1953.

As to the claimed lack of jurisdiction in the probate court, defendant-in-error strongly urges that the probate court exceeded its jurisdiction to such an extent that jurisdiction was lost and therefore certiorari was proper. In this connection, it is argued that the lack of jurisdiction appears affirmatively in the record because the probate court appointed John W. Jones instead of giving effect to the alternative designation of Alice Seaton. Principal reliance supporting the challenge to the probate court's jurisdiction is the case of Baca v. Buel, 28 N.M. 225, 210 P. 571 (1922), which, on first reading, would appear to support the granting of certiorari by the trial court. However, consideration of the facts of the two cases serves to point out the radical differences which exist and makes Baca distinguishable from the case before us.

■ We first observe that the statutes in effect at the time of the Baca decision are the same as those today. In Baca, the court had denied admission of a purported will to probate and appointed an administrator. We held that such action was outside the jurisdiction of the probate court, and that the appointment of the adminis-

trator was null and void where there was a will on file naming executors of the estate. The determination in Baca was based upon two sections of the statute, which now appear as §§ 30–2–11 and 30–2–12, N.M.S.A.1953, which specify the procedure in cases where the probate judge declines to approve a will—he must appoint the executor named in the will. Obviously, the Baca situation is not what is before us in this case. Here, the will was found to be valid and admitted to probate. Having so found, the probate court was required to make appointment of an executor (or executors) or administrator, as provided by the statutes, as applicable. See, §§ 31–1–7 and 31–1–10, N.M.S.A.1953. In Baca, the express mandate of the statute required the court to appoint the executor named in the will. Here, having approved the will, it became a question of the exercise of judgment as to how the designating paragraph should be construed or what was the intention of the testator. We fail to see how the court, having proceeded in accordance with the statute, can now be charged with acting outside of his jurisdiction—error perhaps, but not absence of jurisdiction. Compare, State ex rel. State Corp. Comm. v. Zinn, 72 N.M. 29, 380 P.2d 182 (1963).

Without intending to unduly emphasize the point, we do not believe that the determination of the intention of the testator, even though erroneous, ousted the probate judge of jurisdiction. The remedy for a claimed error is by appeal, not by certiorari. Having so determined, we do not reach the other issue raised, i. e., what is the proper construction to be placed upon the appointive paragraph, and whether or not § 31–1–8, N.M.S.A.1953, is applicable.

The judgment of the district court will be reversed, with directions to set aside its order which nullified the prior order of the probate court and which directed the probate court to appoint Alice Seaton as executrix and enter an order denying the petition for certiorari. It is so ordered.

NOBLE, C. J., and MOISE, J., concur.