552 P.2d 465

**In the Matter of the ESTATE of William L. CHILDERS, Sr.**

**Bruce Warren CHILDERS, Kenneth Vance Childers, William L. Childers, Jr., Wilma Geraldine Childers Mankel, Anita Louise Childers Westphal, Sharon Elaine Childers Bartel and Deborah Jean Childers Braley, Plaintiffs-Appellees,**

v.

**Yildiz G. CHILDERS, Defendant-Appellant.**

**No. 10441.**

Supreme Court of New Mexico.

June 29, 1976.

Rehearing Denied July 30, 1976.

E. Douglas Latimer, Albuquerque, for appellant.

Campbell, Cherpelis & Pica, Lewis O. Campbell, Albuquerque, for appellees.

OPINION

MONTOYA, Justice.

This appeal arises from the setting aside of the will of William L. Childers, Sr. by the district court. The children of Childers filed suit in district court contesting the will on the grounds that the testator's second wife Yildiz G. Childers unduly influenced Childers. The will left virtually all of the testator's estate, which was composed of several businesses, to Mrs. Childers.

On July 31, 1972, the will of William L. Childers, Sr., dated May 5, 1969, was admitted to probate. During this proceeding in probate court a doctor who witnessed the will testified that Mr. Childers was in a stable mental condition at the execution of the will. Mr. Childers' lawyer, who also witnessed the will, testified that the testator was sound of mind at that time. The probate court admitted the will. The children of Mr. Childers, from a previous marriage, who were present and represented at the probate proceeding, brought this suit in the District Court of Bernalillo County on December 29, 1972, alleging undue influence by Mrs. Childers. The trial court, in a non-jury trial, found that although Mr. Childers had the testamentary capacity at the execution of the will, he was unduly influenced by Mrs. Childers. Mrs. Childers was the primary beneficiary under the will. The trial court declared the will invalid. Mrs. Childers appeals.

The appellant-defendant Yildiz Childers raised five points on appeal:

(1) The trial court erroneously denied the defendant's motion to dismiss on the grounds that the proceeding in probate court was res judicata as to the district court suit.

(2) The district court, sitting as a district court, lacked jurisdiction to hear this particular will contest.

(3) The trial court committed reversible error in admitting declarations of the testator remote in time from the execution of the will.

(4) The trial court applied an incorrect burden of proof in a will contest involving undue influence.

(5) There is no substantial evidence to support the finding and conclusion that the testator was unduly influenced by his wife.

■ Under the provisions of former § 16–4–10, N.M.S.A., 1953 (being Ch. 97, § 49, Laws 1972), which read—

"Section 49. Section 16-4-10 NMSA 1953 (being Kearny Code, Courts and Judicial Powers, Section 21, as amended) is amended to read:

"16–4–10. JURISDICTION OF THE PROBATE COURT.—

"A. The probate courts have exclusive original jurisdiction of:

"(1) the probate of last wills and testaments, the granting, repealing and revoking of letters testamentary and of administration, the appointment and removal of estate representatives, the settlement and allowance of accounts of estate representatives and the determination of heirship; and

"(2) the hearing and determination of all controversies respecting wills, the rights of executorship and administration the duties, accounts and settlements of estate representatives and any order, judgment or decree of the probate courts with reference to those matters of which the probate courts have exclusive original jurisdiction.

"B. No suit shall be prosecuted or begun in any district court to review, in any manner inquire into, reopen or set aside any order, judgment or decree of the probate court in matters of its exclusive original jurisdiction and no order, judgment or decree of the probate court in matters of its exclusive original jurisdiction shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law.

"C. This section in no way affects the powers of the district court to act in

cases removed to it from the probate court by virtue of the various removal statutes."

it is clear that the probate court had exclusive jurisdiction of probating the will and the hearing and determination of all controversies respecting such a will. The district court could only review and examine the determination of the probate court by an appeal taken as provided by law, and could not entertain an original action filed in the district court for such purpose.

Section 30–2–24, N.M.S.A., 1953 (Supp. 1975), which was in effect at the time the instant case was adjudicated below, provided as follows:

"Section 55. A new Section 30–2–24 New Mexico Statutes Annotated, 1953 Compilation, is enacted to read:

"30–2–24. DISTRICT COURT HAS CONCURRENT JURISDICTION.—In addition to other jurisdiction, the district courts have concurrent jurisdiction with the probate courts in each county within their respective judicial districts as to all matters within the jurisdiction of the probate courts. As a part of their general jurisdiction, the district courts may determine heirship in any probate or administrative proceeding, whether the proceeding originates in the district court or has been transferred thereto under provisions of law."

The foregoing section was passed in 1968. See Ch. 69, § 55, Laws 1968.

■ It is evident that the two applicable statutes are in direct conflict. Under the circumstances we have no choice but to hold that former § 16–4–10, supra, being ch. 97, § 49, Laws 1972, controls over the former § 30–2–24, supra, being ch. 69, § 55, Laws 1968.

■ We hold that the latter statute, insofar as it is inconsistent with the former, is repealed by implication. Repeals by implication are not favored, but cannot be avoided when there is a clear intention by the Legislature to cover a particular statute and displace the earlier statute. *Buresh v.*

*City of Las Cruces*, 81 N.M. 89, 463 P.2d 513 (1969).

In the case before us, the Childers' children did not contest or appeal the admission of the will in probate court. In 1972 by statute this was their only alternative. They chose instead to file an original action in district court, an act specifically excluded by subsection B of former § 16–4–10, supra. The original will contest in district court should have been dismissed by the trial court.

■ The children argue that they do not contest the proving of the testamentary capacity of Mr. Childers, which essentially was all that was done in probate court. However, § 16–4–10(A)(2), supra, in effect at the time the probate action was commenced, grants exclusive original jurisdiction to "the hearing and determination of all controversies respecting wills" to the probate court. This subsection would include will contests involving undue influence. Since such a suit was within its exclusive original jurisdiction it should have been brought in probate court. Otherwise, it was precluded by § 16–4–10(B), supra. Cf. *Jones v. Seaton*, 80 N.M. 210, 453 P.2d 380 (1969).

■ The inconsistency of the above-quoted two statutes apparently went unnoticed until 1975. In that session the Legislature, in Ch. 120, Laws 1975, amended the two statutes in question to provide for concurrent jurisdiction in both the probate and district court over probate matters such as are involved herein. Recognizing the inconsistency, the same 1975 Act prohibited the bringing of suits after October 1, 1975, to challenge the jurisdiction of the district courts in any probate proceeding commenced in or pending in any district court after June 30, 1972, to the effective date of this Act based on Laws 1972, Ch. 97, § 49. This particular section prohibiting the challenge of jurisdiction could not apply to the instant case since it was a pending case when the statute became effective, and would violate the provisions of N.M.

Const. art. IV, § 34, which reads as follows:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

See *Sitta v. Zinn*, 77 N.M. 146, 420 P.2d 131 (1966).

In view of the disposition of the jurisdictional question, we need not decide the remaining issues argued on appeal.

Accordingly, the judgment of the district court setting aside the last will and testament of William L. Childers, Sr. is reversed and the cause is remanded to the district court with directions to set aside its order which nullified the prior order of the district court sitting as a probate court in cause No. 4820, and to enter its order of dismissal in the cause from which this appeal was taken.

IT IS SO ORDERED.

STEPHENSON and SOSA, JJ., concur.