555 P.2d 715

Glenda **RUTHERFORD,** and Glenda Rutherford, as Guardian of the Estate of Randall Wayne Rutherford, a minor, Plaintiff-Appellant,

v.

William I. **BUHLER** and Hot Springs National Bank, Defendants-Appellees.

No. 2390.

Court of Appeals of New Mexico.

Aug. 24, 1976.

Rehearing Denied Sept. 7, 1976.

Certiorari Denied Oct. 19, 1976.

J. Wayne Woodbury, Silver City, for appellant.

George T. Harris, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, Walter R. Parr, Crouch, Parr, Herring & Valentine, Las Cruces, for appellee Buhler.

William L. Lutz, Martin, Martin & Lutz, Las Cruces, for appellee Hot Springs National Bank.

## OPINION

SUTIN, Judge.

Plaintiff filed a complaint in the *Grant County* District Court, for fraud and conversion of estate assets after the estate had been finally probated in *Sierra County*. The complaint was dismissed for lack of jurisdiction of the subject matter. We reverse.

The complaint alleged that plaintiff and her son are residents of *Grant County* and they are the sole beneficiaries under a trust created under the Last Will and Testament of Eli H. Howard, deceased. The Howard will was probated in the Probate Court of *Sierra County*. Defendant bank was the executor of the estate and defendant Buhler, an attorney at law, was employed by the bank to represent it in connection with the administration of the estate.

On June 30, 1972, defendant bank filed its final report and account. Plaintiff did not object to the final report. On September 25, 1972, the Probate Court approved the final report and entered its final decree.

The complaint alleged damages caused by false representations, mismanagement, and conversion of assets of the estate.

We hold that the District Court of *Grant County* had jurisdiction over the subject matter of this claim for relief, arising out of the probate of the Howard estate in *Sierra County*.

A. *The District Court had jurisdiction under statutory law.*

The record shows that the complaint was filed on March 24, 1975. On May 8, 1975, defendant bank filed its motion to dismiss. On May 9, 1975, defendant Buhler filed his motion to dismiss. On December 3, 1975, the District Court filed its order of dismissal.

Jurisdiction of the district court over the subject matter is delineated in the Constitution of New Mexico and various enactments pursuant to the provisions of the Constitution. Article VI, Section 13, provides in part:

The district court shall have original jurisdiction in all matters and causes *not excepted in this Constitution* . . . .
[Emphasis added].

Article VI, Section 23, as originally adopted, provided in part:

A probate court is hereby established for each county, which shall be a court of record, and, *until otherwise provided by law,* shall have the same jurisdiction *as is now exercised by the probate courts of the Territory of New Mexico.* [Emphasis added].

In territorial days, probate courts had "exclusive original jurisdiction" in the administration of estates. No suit could be prosecuted or begun in any district court to review or in any manner inquire into or reopen or set aside any order, judgment or decree, and no such order, judgment or decree could be reviewed or examined in any district court except upon an appeal taken in the manner provided by law. See "Amendments" following § 16–4–10, N.M. S.A.1953 (Repl.Vol. 4), which section, enacted by the legislature, carried forward from territorial days, into statutory law, probate jurisdiction of probate courts. In 1949, Article VI, Section 23, was amended, but this emendation did not change the meaning of the original language. The probate court continued to have original exclusive jurisdiction "until otherwise provided by law".

Effective July 1, 1976, the utter confusion which arose over the years was resolved by the adoption of the Probate Code. Section 32A–1–302, N.M.S.A. (Laws of New Mexico 1975, ch. 257)

grants exclusive original jurisdiction to the district court of all subject matter related to the administration of estates. We shall, however, resolve the issue of jurisdiction in the instant case under the law which existed prior to July 1, 1976.

With the enactment in 1915 of § 16–4–10, supra, the legislature stripped the district court of all original jurisdiction, limiting jurisdiction of the district court to a review of any order, judgment or decree of the probate court on appeal. *First Nat. Bank of Albuquerque v. Dunbar,* 32 N.M. 419, 258 P. 817 (1924) (opinion on rehearing August 13, 1927); *Michael v. Bush,* 26 N.M. 612, 195 P. 904 (1921). This was to be so *"until otherwise provided by law".* [Emphasis added]. Article VI, Section 23, supra.

Subsequent legislation, now § 30–2–24, N.M.S.A.1953 (Vol. 5, 1975 Supp.) gave district courts concurrent jurisdiction with probate courts in each county within their respective judicial districts as to all matters within the jurisdiction of the probate courts. In 1972, the legislature restated § 16–4–10, and explicitly stated that "The probate courts have exclusive original jurisdiction". (Laws of New Mexico 1972, ch. 97, § 49).

Effective April 3, 1975, ten days after plaintiff's complaint was filed, the legislature amended § 16–4–10, N.M.S.A.1953 (Repl.Vol. 4, 1975 Supp.). It explicitly stated that "The probate courts have concurrent jurisdiction with the district courts". It *deleted* the following provision:

No suit shall be prosecuted or begun in any district court to review, in any manner inquire into, reopen or set aside any order, judgment or decree of the probate court in matters of its exclusive original jurisdiction and no order, judgment or decree of the probate court in matters of its exclusive original jurisdiction shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law.

Section 16–4–10, as amended in 1975, now reads as follows:

*Jurisdiction of the probate court.*—The probate courts have concurrent jurisdiction with the district courts of:

A. the probate of last wills and testaments, the granting, repealing and revoking of letters of testamentary and of administration, the appointment and removal of estate representatives, the settlement and allowance of accounts of estate representatives and the determination of heirship; and

B. *the hearing and determination of all controversies respecting* wills, the right of executorship and administration, the duties, accounts and settlements of estate representatives and any order, *judgment or decree of the probate courts with reference to those matters of which the probate courts have exclusive original jurisdiction.* [Emphasis added].

The *1975* statute is broad in its language. It no longer limits the jurisdiction of district courts to the judicial district in which the probate courts sit. It granted district courts original jurisdiction over all controversies respecting the judgment or decree of the probate courts. It also granted probate courts concurrent jurisdiction *with the district courts.* The District Court of *Grant County* had jurisdiction to hear and determine the controversy arising over the judgment or decree of the Probate Court of *Sierra County* in the matter of the Howard estate.

The question presented is: Was this statute, effective April 3, 1975, in effect, and did jurisdiction attach to the District Court of *Grant County,* when the complaint was filed on March 24, 1975, and the defendants' motions to dismiss were filed in May, 1975? The answer is "Yes".

█ Jurisdiction is the power to hear and determine a cause. *Roberts v. Seaboard Surety Co.,* 158 Fla. 686, 29 So.2d 743, 749 (1947) quoted the following from

*Lovett v. Lovett*, 93 Fla. 611, 112 So. 768, 775 (1927):

> "'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power.' [Citation omitted]. *But before this potential jurisdiction of the subject-matter—this power to hear and determine—can be exercised, it must be lawfully invoked and called into action; the parties and the subject-matter of the particular case must be brought before the court in such a way that it acquires the jurisdiction and the power to act.* There must be a right in dispute between two or more parties; a proceeding commenced under the proper rules of law; process must be served on the opposite party or parties in order that they may have an opportunity to be heard . . . .. *The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own action institute a proceeding sua sponte.* . . ." [Emphasis added].

See also, *People v. Prystalski*, 358 Ill. 198, 192 N.E. 908 (1934); *Swing v. St. Louis Refrigerator & Wooden Gutter Co.*, 78 Ark. 246, 93 S.W. 978 (1906); *Atwood v. Cox,* 88 Utah 437, 55 P.2d 377 (1936).

In the instant case, the jurisdiction and power of the trial court remained at rest until defendants filed their motions to dismiss. At this point in time, the 1975 enactment of § 16–4–10 was in full force and effect.

It has been suggested that this interpretation is contrary to our Constitution. Article IV, Section 34, reads:

> No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case.

■ The filing of a complaint does not create a "pending case". It commences a civil action. Rule 3 of the Rules of Civil Procedure. *Stockard v. Hamilton*, 25 N.M. 240, 180 P. 294 (1919) specifically held that a case is not "pending" from the time it is instituted. After stating that "The definitions of a pending case vary with the construction of each particular statute", including institution of suit, the Court said:

> The word "pending," according to Webster and Century Dictionary, means "depending," *"remaining undecided," "not terminated,"* and this meaning of the word should be adopted in this connection. The evident intention of the Constitution is to prevent legislation interference with matters of evidence *and procedure in cases that are in the process or course of litigation in the various courts of the state,* and which have not been concluded, finished, or determined by a final judgment. This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence *and procedure in cases which were then being adjudicated by the various courts of the state.* [Emphasis added] [25 N.M. at 245, 180 P. at 295].

Commencement of an action does not constitute a case being adjudicated.

The trial court had jurisdiction to hear the claims of plaintiff.

B. *The trial court had jurisdiction under old § 16–4–10.*

Defendants rely on the *1972* version of § 16–4–10. If this statute were controlling, plaintiff's complaint falls outside its restraint language.

■ Under the *1972* version, probate courts had exclusive original jurisdiction in all legal matters affecting the administration of estates but they did not have exclusive jurisdiction in an independent action where equitable jurisdiction such as fraud is alleged. *Perea v. Barela*, 5 N.M. 458, 23 P. 766 (1890), on rehearing, 6 N.M. 239, 27 P. 507 (1891); *First Nat. Bank*

of *Albuquerque v. Dunbar,* supra; *Michael v. Bush,* supra; *Barka v. Hopewell,* 29 N. M. 166, 219 P. 799 (1923). We have declared that law and equity have merged; that there is now only one form of action, a civil action. Nevertheless equitable principles will apply to an equitable action. *Hall v. Bryant,* 66 N.M. 280, 347 P.2d 171 (1959).

In *Barka,* supra, where district court jurisdiction was denied, Justice Bratton said:

> The complaint does not charge any fraudulent mismanagement or devastavit on the part of the executrix; it fails to charge that the failure to include the omitted real estate in the inventory was knowingly, purposely, or fraudulently done . . .. [29 N.M. at 172, 219 P. at 802].

"Devastavit" is defined as "[a] failure to apply the funds as the law directs; a wasting of assets; a wasting of the estate —a misapplication of the assets; a mismanagement or misappropriation in an estate resulting in loss." 26A C.J.S., Devastavit p. 925 (1956).

■ Plaintiff's complaint charged defendants with fraud, and conversion of assets, in connection with the administration of the estate; that in addition to false representations made, defendant bank charged excessive fees as executor, borrowed money from itself in the sum of $70,000.00, paying itself interest thereon in the amount of $721.38; that defendant Buhler charged excessive attorney fees; that defendants unnecessarily employed certified public accountants to prepare federal tax returns for which they were paid $2,700.00. The complaint was verified by plaintiff.

We hold that the complaint states a claim for relief which falls within the meaning of "fraudulent mismanagement and devastavit" on the part of the defendants. The trial court had jurisdiction of the subject matter.

Reversed.

IT IS SO ORDERED.

HERNANDEZ, J., specially concurring.

LOPEZ, J., dissenting.

HERNANDEZ, Judge (specially concurring).

Plaintiffs' complaint alleged fraud and conversion based on items submitted to and approved by the probate court. It also alleged fraud, conversion and misrepresentation, as to monies disbursed simultaneously with or subsequent to the entry of the final decree, which were neither reported to nor approved by the probate court. Defendants based their motions to dismiss plaintiffs' complaint on the grounds that it constituted a collateral attack upon the final decree entered in the probate court and therefore the district court lacked jurisdiction to entertain it.

The test to be applied in determining whether to grant a motion to dismiss a complaint is to accept, for the purposes of the motion, as true all facts well pleaded and question only whether plaintiffs might prevail under any state of facts provable under the claim. *Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n.,* 85 N.M. 718, 516 P.2d 689 (1973). In my opinion the allegations made by plaintiffs in their complaint stated a provable claim of extrinsic or collateral fraud and the trial court erred in dismissing it. In the case of *Chisholm v. House,* 160 F.2d 632 (10th Cir. 1947), arising out of a factual situation not too dissimilar from this case, the court stated the following:

> "Equitable relief from a judgment may be obtained on the ground of extrinsic or collateral fraud. Fraud is regarded as extrinsic or collateral where it prevents a party from having a trial or from presenting his cause of action or his defense, or induces him to withdraw a defense, or operates upon matters pertaining not to the judgment itself, but to the manner in which it was procured. Where, however, the judgment was founded on a fraudulent instrument or perjured evidence, or the fraudulent acts

pertained to an issue involved in the original action and litigated therein, the fraud is regarded as extrinsic."

The rationale for this rule is set forth in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1943):

> "Equitable relief against fraudulent judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be disturbed after the term of their entry has expired. Created to avert the evils of archaic rigidity, this equitable procedure has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in these situations."

LOPEZ, Judge (dissenting).

I dissent.

Judge Sutin's opinion concludes that a case filed before a statute was amended is nonetheless controlled by that statute. In the recent case of *Estate of William L. Childers, Sr. v. Childers*, N.M., 552 P.2d 465, 1976 the Supreme Court decided that another provision of the amended probate laws (Laws 1975, Ch. 120, § 3) prohibiting challenges based on the district court not having jurisdiction, could not apply to a case which was filed before that amendment became effective. Similarly, in the case before us the court is attempting to apply a jurisdictional provision of a statute to a case which was already filed when the statute became effective. This interpretation is contrary to our constitutional provision which states:

> "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case. N.M.Constitution, Art. IV, § 34."

There would seem little room for argument that this case was "pending" as of the date when it was commenced. *State ex rel. Barela v. New Mexico State Bd. of Ed.*, 80 N.M. 220, 453 P.2d 583 (1969). The meaning of "pending" was discussed in *Stockard v. Hamilton*, 25 N.M. 240, 180 P. 294 (1919):

> " . . . The evident intention of the Constitution is to prevent legislative interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. . . ."

This constitutional provision has been held to bar a court from hearing an appeal, where the case was filed before the statute allowing appeal was passed. *Brown v. Board of Education*, 81 N.M. 460, 468 P.2d 431 (Ct.App.1970). Accord, *In re Sevilleta De La Joya Grant, Socorro County*, 41 N.M. 305, 68 P.2d 160 (1973); *Marquez v. Wylie*, 78 N.M. 544, 434 P.2d 69 (1967).

Because the defendant was jurisdictional, the date when the defendants called the court's attention to the defect is irrelevant.

Secondly, even if the 1975 amended version were effective, I do not agree that it should be interpreted to have the effect given it by this opinion. Although the district courts are given concurrent jurisdiction by the 1975 amendment, I do not think that the legislature intended to allow a probate proceeding to be completed in the probate court, and then retried in the district court.

Finally, I am in disagreement with the conclusion of the majority opinion that the district court had equitable jurisdiction to entertain the plaintiff's claim. It is not sufficient to allege fraud to confer jurisdiction on the district court; it must also be shown that the remedy at law is inadequate. In *First Nat. Bank of Albuquerque v. Dunbar*, 32 N.M. 419, 258 P. 817 (1924), the district court was held to be without

jurisdiction because the time for filing an appeal in the district court had not expired at the time the motion to set aside was filed.

The burden is on the plaintiff to show the facts sustaining equitable jurisdiction. In the record before us there is no showing that there was not a remedy at law at the time that the wrongfulness of the defendants' acts was discovered. Alterna-tively, the district court may have determined that jurisdiction was lacking because there were no equitable grounds for intervention. Without knowing the contents of the materials considered by the trial court, we cannot foreclose the possibility that it determined that there were no facts sufficient to sustain the plaintiff's allegations of wrongful conduct and fraud.

I would affirm the summary judgment.