No. 12,176.

## McCormick v. Hartley et al.

Chattel Mortgage.— *Recording.*— *Seniority.*—*Fraud.*—Where a chattel mortgage is not recorded within ten days, as required by statute, but a new mortgage, duly recorded, is given in renewal, the latter will be senior to an intervening recorded mortgage, executed by the mortgagor upon the same property for the purpose of defrauding the first mortgagee.

Same.—*Foreclosure of Fraudulent Mortgage.*—*Injunction.*—A mortgagee of personal property, notwithstanding the mortgage debt is not due, and without regard to the solvency or insolvency of the mortgagor, may maintain a suit to enjoin the enforcement of a judgment of foreclosure rendered upon a mortgage executed to defraud him.

From the Benton Circuit Court.

*D. E. Straight, U. Z. Wiley, S. F. Carter* and *J. V. Hadley,* for appellant.

*S. M. Shepard* and *C. Martindale,* for appellees.

Niblack, C. J.—Complaint by Joseph H. Hartley, John Ross and John W. Switzer, charging that prior to the 1st day of November, 1882, Thomas F. Redmond was indebted to

them in the sum of $1,000, such indebtedness being evidenced by a promissory note payable on that day; that said Redmond, after giving such note, had executed to the plaintiffs a chattel mortgage to secure the payment of the same upon one Washington hand-press, one Nonpareil jobber, and all the fixtures and type belonging to the Benton Review, but that said mortgage, by reason of neglect, was not recorded in the proper recorder's office within ten days after the same was executed; that, on the 5th day of January, 1883, the said Redmond, fraudulently and corruptly combining and confederating with Albert G. McCormick, his father-in-law, and without any consideration, executed to the latter a chattel mortgage on the same property, which was duly recorded in the proper recorder's office within ten days after its execution; that, on the 6th day of January, 1883, the said Redmond renewed the note held against him as above stated by the plaintiffs, and made the renewal note payable on the 1st day of November, 1883, and also executed a chattel mortgage to the plaintiffs upon the same property contained in his first mortgage to them, and described in his mortgage to McCormick, to secure the payment of such renewed note; that this last named mortgage was properly recorded in the recorder's office of the county in which said Redmond resided, within ten days after the same was executed; that at the time Redmond executed to McCormick a chattel mortgage as herein above set forth, he had not sufficient property to pay all his debts, but was in fact hopelessly and notoriously insolvent, which fact the said McCormick then well knew; that Redmond executed the McCormick mortgage, and caused it to be recorded, without the knowledge or consent of McCormick, and that said mortgage was not in fact delivered to McCormick until long after it was so recorded; that said mortgage was executed for the purpose of hindering, delaying and defrauding the said Redmond's creditors; that afterwards McCormick commenced a suit in the Benton Circuit Court against Redmond to foreclose his said pretended

mortgage, but without making the plaintiffs herein parties to said suit; that, on the 20th day of February, 1883, McCormick recovered a judgment in such suit against Redmond for the sum of $620.68, and a foreclosure of such pretended mortgage; that the said Redmond was not indebted to the said McCormick in any sum whatever, either at the time said suit was commenced, or when such judgment was rendered, and that such suit was prosecuted for the purpose of cheating and defrauding the plaintiffs and of depriving them of the benefit of their lien upon the mortgaged property; that the said McCormick was then threatening to have an order of sale issued upon his said judgment of foreclosure against the said Redmond, and to sell the property therein described, and would do so if not enjoined and inhibited by competent authority; to the great and irreparable injury of the plaintiffs. Wherefore the plaintiffs demanded that a temporary restraining order might be issued against McCormick, and that, upon a final hearing, the judgment of foreclosure rendered as above in his favor might be annulled and set aside, and that he, the said McCormick, should be perpetually enjoined and inhibited from enforcing or attempting to enforce such judgment.

A temporary restraining order was issued as demanded, and, upon their appearance to the action, McCormick and Redmond jointly demurred to the complaint, but their demurrer being overruled, Redmond demurred separately and his demurrer was sustained.

At the final hearing between the plaintiffs and McCormick, the circuit court made a finding in favor of the plaintiffs, and entered an order annulling and setting aside the judgment of foreclosure obtained by McCormick against Redmond, and perpetually enjoining and inhibiting McCormick from enforcing or attempting to enforce such judgment.

McCormick assigns error upon the overruling of the demurrer filed by him and Redmond jointly, upon the alleged ground that the complaint was insufficient as against him as well as Redmond.

It is sought to be maintained in argument that the complaint was fatally defective: *First.* Because of the neglect of the plaintiffs to have their first chattel mortgage recorded within ten days after its execution, the diligent and not the negligent being entitled to equitable relief. *Secondly.* Because it was shown that the mortgage debt of the plaintiffs was not due when the action was commenced. *Thirdly.* Because it was not averred that Redmond had no other property at the time of the commencement of this suit to which the plaintiffs might resort for the collection of their debt. *Fourthly.* Because the manner in which the plaintiffs would have been injured by a sale of the mortgaged property on the McCormick judgment was not stated. *Fifthly.* Because it was not made sufficiently apparent that the appellants had no other adequate remedy.

In the first place, all other things being equal, equity favors the more diligent. Where one, by his negligence, permits another to obtain a business advantage over him, his negligence will be taken into account against him upon an application for equitable relief against the advantage which has thus been obtained over him. This is too elementary to require the citation of authorities. No such a question of negligence is, however, presented in this case. The complaint charged that Redmond owed the plaintiffs a pre-existing debt, and that his mortgage to McCormick was to hinder, delay and defraud the plaintiffs in the collection of their debt. This the demurrer admitted, and, the facts being admitted, the McCormick mortgage, however valid as between the parties, became junior and subordinate to the mortgage of the plaintiffs.

In the next place, it is true, as contended, that until a creditor acquires a lien upon the property of the debtor, the latter has full dominion over his property, and may convert one species of it into another species, and may alienate to a purchaser. It is also true, that without such a lien a creditor can not have an injunction to prevent the

debtor from disposing of his property, or permitting others to do so, although he may have reason to apprehend that the contemplated disposition will be fraudulent as against creditors, but a different rule prevails where a creditor has acquired a lien upon his debtor's property, and especially a specific lien, as by the execution of a mortgage. Bump Fraud. Con. 527. A mortgagee of personal property acquires an interest in the property mortgaged, for the protection of which he may appeal to the courts without waiting till the mortgage debt becomes due. Boone Mort., sections 257, 258, 285; *Woodruff* v. *Halsey*, 8 Pick. 333; *Welch* v. *Whittemore*, 25 Maine, 86; Jones Mort., section 684; *Walker* v. *Radford*, 67 Ala. 446.

This was not a suit to foreclose the plaintiffs' mortgage. Nor was it an action to recover a judgment for the mortgage debt. It was simply and only an appeal to the equity jurisdiction of the circuit court for the protection and preservation of the mortgaged property as a security for the payment of the debt when it should become due. For the purposes of this suit, therefore, it was quite immaterial whether the mortgage debt was or was not due.

In the third place, the plaintiffs, having obtained a mortgage to secure the payment of their debt, had the right to resort primarily to the mortgaged property for its payment, and to take such measures as were necessary for its protection and preservation without reference to whether Redmond might be solvent or insolvent when their debt should become due.

In the fourth place, the allegations that the mortgaged property was liable, and was about to be sold on a judgment of foreclosure obtained for the purpose of hindering, delaying and defrauding the plaintiffs, and under circumstances which might and probably would result in an ultimate loss to them of all their interest in the property, were allegations of facts from which a material and probably irreparable injury to the plaintiffs might be inferred.

In the fifth place, all matters pertaining to the foreclosure of a mortgage are inherently of equitable jurisdiction.    Jones Mort., section 1443.

The protection and preservation of mortgaged property, as a security for the payment of the mortgaged debt, also pertain to the same jurisdiction.    Herman Chat. Mort. 485, and authorities cited.    So, also, do proceedings instituted, as in this case, for relief against fraud.    Pomeroy Eq. Juris., sections 119, 164, 1230, 1345 ; Bump Fraudulent Conveyances, 530.

The judgment is affirmed, with costs.

Filed April 20, 1886; petition for a rehearing overruled June 26, 1886.