Bowser & Co. v. Hartnett.

## S. F. BOWSER & COMPANY, INC., a corporation, Appellant, v. JOHN HARTNETT, et al., Respondents.*

St. Louis Court of Appeals.   Opinion filed June 18, 1925.

1. **CHATTEL MORTGAGES**: Foreclosure: Equity: Liens: Conflicting Claims: Equitable Action Proper.   Where there were successive liens and conflicting claims of title to gasoline pumps sold by plaintiff, it taking back a chattel mortgage to secure an unpaid balance of purchase price, payable in installments, held, upon default, it was proper that the mortgage should be foreclosed in a court of equity.

2. ———: Recorded Mortgage: Executed by Agent: Subsequent Purchases: Notice.   Where a contract of sale and chattel mortgage given to secure an unpaid balance of purchase price of gasoline pumps was, for the accommodation of the purchaser, executed in the name of his agent, the instrument stipulating that the pumps were to be used by the real purchaser at a given place, *held* that the recording of such instrument gave notice of the contents thereof to subsequent purchasers, under section 2256, Revised Statutes 1919, and that the mortgage therefore did not lie outside of the chain of title.

*Headnotes 1.  Chattel Mortgages, 11 C. J., Section 530; 2. Chattel Mortgages, 11·C. J., Section 227 (Anno).

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Moses Hartman,* Judge.

REVERSED AND REMANDED (*with directions*).

*Grant & Grant,* for appellant.

(1)   Under the circumstances of this case, with successive liens upon the property and conflicting claims of title to it, it was proper that the mortgage should be foreclosed in a court of equity.   Rubey v. Coal & Mining Co.,

21 Mo. App. 159; Trust Co. v. McDonald, 146 Mo. 467-479; Wolff v. Ward, 104 Mo. 127; State ex rel. v. Evans, 176 Mo. 310-315; Trust Co. v. White, 169 Mo. App. 5; Schloss v. Dattilo, 197 Mo. App. 656. (2) The filing with the Recorder of Deeds of a chattel mortgage, signed by an agent and given to secure the purchase price of the property mortgaged, is constructive notice of its contents. Windle v. Citizens National Bank, 204 Mo. App. 606; Alexander v. Graves, 25 Neb. 453; Wogan v. Citizens Bank, 149 Pac. 411; Jones on Chattel Mortgages (5 Ed.), sec. 247A.; Brittain v. Blanchard, 60 Kan. 263. (3) The court erred in permitting defendant, M. Larner, to testify, over plaintiff's objection, that there was no direct or constructive notice of the chattel mortgage. (4) Defendant, M. Larner, had knowledge of facts sufficient to put him upon inquiry as to whether or not there was a mortgage against the property. Brayton v. Beal, 73 S. C. 308; Holmes v. Commission Co., 81 Mo. App. 97; McNichols v. Fry, 62 Mo. App. 13.

*Joseph Boxerman* for respondent.

(1) Where there are no adverse claims or titles to be determined, the action for the foreclosure of a chattel mortgage is a purely legal action. Benton County et al. v. Morgan et al., 163 Mo. 661; Sommerville et al. v. Hellman et al., 210 Mo. 567; Brown v. Koffler, 133 Mo. App. 494; Harrison et al. v. Doyle et al., 163 Mo. App. 602; Schloss v. Dattilo, 198 S. W. 1137. (2) A chattel mortgage signed by one who is not the owner of the property or by an agent lies outside the chain of title, and the recording thereof does not impart notice to an innocent purchaser who deals with the owner. New England National Bank of Kansas City v. Northwestern National Bank of Chicago et al., 171 Mo. 307; Windle et al. v. Citizens National Bank et al., 204 Mo. App. 606.

DAUES, P. J.—This is a suit in equity brought by appellant as mortgagee under a chattel mortgage given

to secure the purchase price of certain gasoline pumps. Under the allegations of the petition, the suit is to find the amount due plaintiff from defendant Hartnett; to foreclose the rights to said property of all defendants; to have the rights of plaintiff as mortgagee declared superior to all claims of defendant Larner; to have the property sold and the proceeds applied to the indebtedness due plaintiff, and to have judgment entered for any deficiency.

The court sustained what is termed a "demurrer to the evidence" in favor of defendants Ernest and Larner, and denied the injunction prayed for and rendered judgment in favor of the plaintiff against defendant Hartnett in the sum of $597.69. Plaintiff appeals.

The petition alleges that Norman B. Howard, on December 3, 1920, as agent for the defendant John Hartnett, and in pursuance of an agency contract existing between them, purchased a gasoline filling outfit from plaintiff for $1437.35; that $284 was paid at the time, the balance being payable in nine monthly installments. It is alleged that Hartnett, through his agent Howard, gave a chattel mortgage on said property to plaintiff to secure the deferred payments. It is then alleged that the instrument of writing was duly filed in the office of the Recorder of Deeds in the city of St. Louis, and that thereafter there was paid the further sum of $672.44, but that the remainder of the purchase price is still due and unpaid, and that defendant Hartnett has failed to pay same, and that therefore there is due plaintiff on account of said indebtedness the sum of $480.44, together with interest and attorney's fees. The petition then alleges that after the execution and delivery of the chattel mortgage and the recording of same, the defendant Hartnett attempted to convey said personal property to the defendant Ernest, as trustee for the East St. Louis Gasoline Company, to secure an indebtedness alleged to be due said company from Hartnett, and that thereafter, on or about May 15, 1922, Ernest as such trustee attempted

to sell said property under said mortgage to defendant Larner, and that defendant Hartnett attempted to sell and convey said property to defendant Larner. It is then alleged that defendants Larner and Ernest claimed an interest in said property by reason of the foregoing, and that defendant Larner claims that his title and interest under the conveyance aforesaid are superior to the title and interest of plaintiff as mortgagee, and that Larner refuses to surrender said property to plaintiff.

Defendant Larner answered, first, by a general denial, and then pleaded that he was an innocent purchaser for value of the property; that he did not have any notice or knowledge of any kind that said property was mortgaged.

Defendant Ernest answered separately, and denied that Hartnett conveyed to him as trustee for the East St. Louis Gasoline Company the property mentioned in the petition, and denied further that he attempted to foreclose under said mortgage, or that said property was ever covered by any mortgage of the plaintiff securing any claim of the East St. Louis Gasoline Company.

Defendant Hartnett, though duly summoned, filed no answer but made default.

Little dispute arises on the facts. The evidence shows that defendant Hartnett in December, 1920, was erecting a gasoline station at Delmar and Lake avenues in the city of St. Louis. One Norman B. Howard was his contractor erecting the filling station for him. Plaintiff's salesman appeared and contracted to sell the necessary pumps and equipment for said station. After the sale was agreed upon between plaintiff's agent and Hartnett, the latter requested the contractor, Howard, to sign the contract and chattel mortgage, for the reason it is agreed that Howard as a contractor could buy the equipment cheaper. This was understood and suggested by plaintiff's agent, and so Howard signed the contract and chattel mortgage, all being one paper. The defendant Hartnett made the first payment of $284.50, and

thereafter the equipment was delivered and installed at Delmar and Lake avenues in this city and was used for some time by Hartnett. The contract, or bill of sale, containing the chattel mortgage was duly recorded January 4, 1921.

Howard, as a witness, testified that he signed the contract and chattel mortgage in the presence of defendant Hartnett and one W. E. Grooms, plaintiff's salesman, and that he did so because Hartnett asked him to sign same, but that Hartnett himself made the first payment, and that the pumps were delivered to Hartnett and used by him; that the witness had no property interest in the filling station, and that he did not purchase the pumps for his own use.

Witness Barton N. Grant testified that he, as attorney for plaintiff, made demand of defendant Larner in June, 1922, for possession of the pumps, and that Larner told him he had bought same from John Hartnett free and clear of all encumbrances. He also testified that the pumps were advertised for sale by defendant Ernest under a chattel mortgage.

It is conceded that the contract of sale and chattel mortgage was executed in the name of Norman B. Howard, though in fact it was an accommodation for Hartnett. An examination of the chattel mortgage itself does not in express words disclose that Howard was acting as the agent of Hartnett. Larner on November 7, 1921, purchased the property here involved, purporting to be free from incumbrances and liens, from Hartnett and was in possession of same from that date and at the time it was sought to enforce the mortgage.

Controversy arises on this appeal as to whether plaintiff has not mistaken his remedy. It is insisted by respondent Larner that there are no adverse claims or titles to be determined and that the action should have been one for foreclosure of the chattel mortgage and therefore purely legal. Appellant, however, claims that under the circumstances of this case, with successive

liens on the property and conflicting claims of title to it, it was proper that the mortgage should be foreclosed in a court of equity. We rule this point against respondent.

There is another question, however, which is decisive of the real question in the case as between plaintiff and defendant Larner. Defendant Larner insists that appellant's purported chattel mortgage signed by Norman B. Howard and filed with the Recorder of Deeds imparted no constructive notice to him. If this be true, plaintiff's case is taken up by the roots.

Our Supreme Court, in the case of New England Nat. Bank v. Northwestern Bank, 171 Mo. 307, 71 S. W., 191, has ruled the proposition that a mortgage given by the owner of a chattel in the name of another person does not impart notice to a subsequent purchaser for value. Judge MARSHALL in that opinion said, l. c. 327:

"The weight of authority is that a mortgage on personal property made by one who is not the owner of the property or by the owner in a fictitious name, and placed on record, is not constructive notice to any one dealing with the owner in his true name. The reason of the rule is that such conveyances, in fictitious names or in the name of an agent, lie outside of the chain of title, and therefore impart no notice. This is the rule always as to real property. [Crockett v. Maguire, 10 Mo. 34; Dignam v. McCullom, 47 Mo. 372; Tydings v. Pitcher, 82 Mo. l. c. 384.] And so far as mortgages are concerned the same rule must obtain as to chattels, if any efficacy is to be given to our registry acts. This is the doctrine that prevails elsewhere."

Appellant relies upon the case of Windle v. Citizens' Nat. Bank, 204 Mo. App. 606, 216 S. W. 1020, wherein the Springfield Court of Appeals holds under the facts of that case that a chattel mortgage given to secure the purchase price of certain property mortgaged and the mortgage is properly filed of record, that then, even though it be signed by the agent or by the owner in a fictitious

name, it is constructive notice to subsequent purchasers. In that case horses and harnesses were sold to a person under a false name and a mortgage was taken back by the seller in the same name, and it was held that such a mortgage was constructive notice to the person dealing with the buyer under such name.

However, regardless of the application of the Windle case to the facts at hand, we must look to the superior decision of our Supreme Court in the New England Bank case, supra, to determine how the principles there announced are brought in contact with the facts of the case at bar. That case holds, in general terms, that a mortgage on personal property made by one who is not the owner of the property, or made by the owner in a fictitious name, or made in the name of an agent, and placed on record is not constructive notice to anyone dealing with the owner in his true name. Judge MARSHALL in that case gives the reason for the rule, and such is, that a fictitious name or the name of an agent "lies outside of the chain of title," and therefore imparts no notice. Conversely, then, dwelling on the reason of the rule, if the name of the agent or the owner is within the chain of title, then notice is given by the recording of the instrument.

It should be considered in this connection that usually personal property is conveyed and title passes without a recorded contract of sale. Mortgaged personal property often passes to successive owners without a recorded title of such successive owners. So that, in order to revert back to determine ownership of personal property, often no knowledge is obtainable from the public records. Now, analyzing the case at bar, we have this situation: It is undisputed that this property was brought from the plaintiff by Howard, in fact as the agent of the defendant Hartnett and at Hartnett's request. Howard signed the contract of sale and mortgage in his own name. The instrument conveying the property is a lengthy one; it names the plaintiff, S. F. Bowser & Com-

pany, Inc., as the seller, and Norman B. Howard as the purchaser. The property is described and the purchase price is fixed; the conditions of the payments are named, and sets out "that the purchaser hereby sells, conveys and mortgages to S. F. Bowser & Company, Inc., the said described goods." It is a contract of sale and is a mortgage back to plaintiff for the unpaid balance of the purchase price. The paper is signed "Norman B. Howard, Purchaser. Contractor." The instrument stipulates that the property purchased is to be shipped and invoiced to Norman B. Howard, but that the property is to be used by "John Hartnett at 5174 Delmar, St. Louis, State of Missouri." This is the recorded instrument. Of course, no question can arise that it was a mortgage in favor of plaintiff signed by Howard, contractor. In the same paper the property is conveyed by Bowser & Company to Howard to be used by Hartnett at 5174 Delmar avenue in this city. Now, can we say under those facts that the mortgage of the agent, Howard, lies outside of the chain of title? If the mortgage executed by Howard is within the chain of title, then under the reasoning in the New England Bank case, supra, the general rule that a mortgage by an agent gives no constructive notice does not apply. It was our impression when this case was first considered that the recording of the chattel mortgage by the agent, Howard, gave no notice to a subsequent purchaser under the rule laid down in the New England Bank case. However, upon reflection, we have reached a different view. There is one instrument recorded; it is the contract of sale between the plaintiff and Howard. Then, so far as the record standing alone is concerned, title passed to Howard in his true name. The mortgage was contained in the same instrument and ran from Howard, the purchaser, to the plaintiff, the seller, and in this very instrument it is stipulated that the property is to be used by Hartnett at a given address, where, the testimony shows, the property was in fact installed and where the respondent Larner

bought same.  The recording of this instrument gave notice of the contents thereof under section 2256, Revised Statutes 1919.  This is not a case as where the owner of personal property executes a mortgage in a fictitious name, or executes a mortgage in the name of an agent and same is placed on record and nothing more. Under that character of a case a subsequent purchaser would not have constructive notice of a mortgage on the property, because the mortgage lies entirely outside of the "chain of title."  But here we have the additional fact that the seller executes a written contract of sale to an agent in his name as purchaser, and the agent in his own name as such purchaser, in the same instrument gives a mortgage to the seller.  Then, so far as the record is concerned, there was a sale by the Bowser Company to Howard, and Howard executed a mortgage to the Bowser Company.  The property, even though passing from one to another subsequently, is subject to this mortgage, and especially is that true since the instrument itself states that the property is to be used by Hartnett at a given place.

We are led to the conclusion, though we have reached it with difficulty, that it is within the reasoning of Judge MARSHALL's opinion in the New England Bank case that the recording of this mortgage did give constructive notive to subsequent purchasers.

Reverting again to the Windle case, supra, the case at bar differs only in the fact that the mortgage was there assigned in a fictitious name, while here it is signed in the name of an agent.  The reasoning is the same.  In the Windle case plaintiff conveyed title to the property and immediately received it back in the same name. Here, we have a record of the transfer from Bowser & Company to the mortgagor, not only in the same name but actually in the same instrument in which it is conveyed.  The mortgage therefore does not lie outside of the chain of title.

From what we have said, it follows that the judgment should be reversed and the cause remanded with directions to the trial court to enter a decree foreclosing the rights to the property of all parties defendant and decreeing plaintiff's right as mortgagee superior to the claims of defendant Larner, ordering the property sold to satisfy the indebtedness due plaintiff under the mortgage and entering judgment against defendant Hartnett for any deficiency. It is so ordered. *Becker* and *Nipper, JJ.,* concur.