McKinney *v*. New Rocky Grocery Company.

Opinion delivered February 20, 1928.

1. Mortgages—Jurisdiction to enforce lien.—Where a complaint alleged that plaintiff had bills of sale of lumber which was being removed by defendants, which bills of sale gave him a lien, alleging the insolvency of one of the defendants and the nonresidence of the other, and asking that a receiver be appointed to take charge of the property, and where it appeared that the parties treated the bills of sale, not as an absolute sale, but as mortgages, and that plaintiff did not seek to take the lumber as belonging to him, by the enforced lien created by the bill of sale, chancery had jurisdiction to enforce the lien.

2. Appearance—filing answer.—Where a nonresident defendant filed an answer without reserving objection to the court's jurisdiction of his person, the court acquired jurisdiction over his person.

3. Appearance—objection to jurisdiction.—A defendant appearing specifically to object to the jurisdiction of the court must, as a general rule, keep out of the court for all other purposes, and if he takes any steps consistent with the hypothesis that the court

has jurisdiction of the cause and his person, he will be *held* to have appeared generally.

4. Frauds, statute of—validity of contract.—A contract between partners and the company whereby the company was to receive a share of the profits of the manufacture and sale of lumber in consideration of advances to one of the partners, *held* not within the statute of frauds.

5. Principal and agent—authority of agent.—An agent with authority to purchase timber and make contracts for manufacture, hauling and shipment of lumber, had apparent authority to enter into a contract on behalf of the principal, whereby a part of the profits from the manufacture of lumber was promised to secure advances to further a shipment of lumber.

6. Appeal and error—conclusiveness of chancellor's finding.— Findings of fact by a chancellor will not be disturbed on appeal unless against the preponderance of the evidence.

Appeal from Little River Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*T. B. Vance,* for appellant.

*Shaver, Shaver & Williams* and *Otis Gilleylen,* for appellee.

Mehaffy, J. The New Rocky Grocery Company brought suit in the Little River Chancery Court against P. D. Whatley and J. A. McKinney, doing business under the name of the Twin City Lumber Company. It alleged that P. D. Whatley was indebted to the grocery company in the sum of $1,231.18, and that, to secure the payment of said indebtedness, Whatley executed and delivered a bill of sale to certain lumber. Thereafter other bills of sale of lumber were executed and delivered by Whatley to the appellee, and it is alleged that McKinney is a nonresident, living in Brooklyn, New York, and that P. D. Whatley and McKinney entered into an agreement with the plaintiff by which plaintiff was to make certain advances to Whatley to enable him to manufacture and ship lumber to McKinney, and that appellee was to share in the profits from the manufacture and sale of the said lumber. That, while operating under this agreement, the defendant, Whatley, manufactured and shipped to McKinney large quantities of lumber, on which the appellee was entitled to one-half

the profits. That Whatley and McKinney agreed and undertook to ship and sell the lumber and to account to plaintiff for the value thereof, and that they had shipped large quantities, and failed and refused to account for same, and that they had appropriated the same to their own use.

It was further alleged that there was 75,000 feet of said lumber at Foreman, Arkansas, and that plaintiff had a lien on this lumber, and that the defendants are selling it and removing it from the State, with the intent to defraud plaintiff. That Whatley was wholly insolvent, and defendant McKinney a nonresident. That the accounts between the parties were long, intricate and complicated, and prayed for judgment against Whatley, and asked that the judgment be declared a lien against the lumber. Asked for judgment against McKinney for his part of the profits, and for the appointment of a receiver.

The bills of sale from Whatley to the appellee were filed, affidavit and bond for attachment, and a forthcoming bond was filed by J. A. McKinney.

McKinney filed a motion to dismiss the attachment on the 6th day of March. The complaint was filed on February 15, and on February 19 the forthcoming bond was filed. On March 6 defendant filed a motion to make complaint more definite and certain, and thereafter filed a separate answer, stating that he did not waive his demurrer.

The court found for the appellee, sustained the attachment, and gave judgment against McKinney and the sureties on the forthcoming bond, and found the indebtedness due the appellee from Whatley. The court also required the plaintiff to make his complaint more specific in certain particulars, as requested by defendant, McKinney, in his motion.

Appellant contends that the chancery court had no jurisdiction, and also that the attachment was not properly issued.

Plaintiff alleged that he had bills of sale for lumber which was being removed by the defendants, and that this bill of sale of the specific lumber, describing it, gave him a lien, which of course, if true, he could enforce in the chancery court. In addition to this, plaintiff alleged the insolvency of Whatley and the nonresidence of McKinney, and asked that a receiver be appointed to take charge of the property.

Certainly the chancery court had jurisdiction of this suit. It was the proper court in which to enforce the lien. All of the parties treated the bills of sale not as absolute sales but as mortgages, and plaintiff did not seek to take the lumber as belonging to him by the enforcement of the lien created by the bill of sale. All of the bills of sale given by Whatley were treated as mortgages, treated as creating liens, and not as conveying the absolute title to the property. We therefore conclude that the chancery court had jurisdiction of the subject-matter.

But it is contended that the attachment was not issued in the manner provided by the statute. Since the court had the right to take charge of the property under the allegations in the complaint, without any regard to the attachment, it appears that it would be immaterial whether the attachment was properly issued or not, since, if the court had a right to take charge of the property and did take charge of it, it would be immaterial whether it did it under the attachment or by appointing a receiver, and it is therefore unimportant to decide whether the attachment originally issued was properly issued or not. Moreover, the court permitted an amendment, which it had a right to do.

The main contention of appellant, however, is that the court retained jurisdiction over the appellant by reason of the attachment branch of the suit. The record shows that the court had jurisdiction of the person of McKinney without any regard to the attachment. It is true McKinney gave a forthcoming bond and thereby entered his appearance, but he not only did that, he filed

a motion to make the complaint more specific, and did this without reserving any objection to the jurisdiction of the court. Not only this, but he afterwards filed an answer, entering a general appearance and asking for relief from the court.

This court held, on February 13, 1928, in the case of *Federal Land Bank* v. *Gladish, ante,* p. 267, that, where one asked affirmative relief of a court, or appeared and pleaded, without reserving his objections to the jurisdiction or to the service, he was in court for all purposes.

"A defendant appearing specially to object to the jurisdiction of the court must, as a general rule, keep out of court for all other purposes. In other words, he must limit his appearance to that particular question, or he will be held to have appeared generally and to have waived the objection. If he takes any step consistent with the hypothesis that the court has jurisdiction of the cause and the person, such special appearance is converted into a general one, whether it is limited in its terms to a special purpose or not." 4 C. J. 1319.

Again: "One seeking to take advantage of want of jurisdiction in every such case must, according to these decisions, object on that ground alone. He must keep out of court for every other purpose. If he goes in for any purpose incompatible with the supposition that the court has no power of jurisdiction on account of defective service of process upon him, he goes in and submits for all the purposes of personal jurisdiction with respect to himself, and cannot afterwards be heard to make objection." 2 R. C. L. 339.

We therefore conclude that the court had jurisdiction, not only of the subject-matter but of the person of the defendant.

It appeared from the evidence that Whatley and McKinney had a lumber contract, and that McKinney, doing business as the Twin City Lumber Company, had a representative in Little River County, and that, subsequent to the making of the contract between McKinney and Whatley, McKinney, Whatley and the New Rocky

Grocery Company entered into a contract with reference to the profits, or providing that appellee should have a portion of the profits.

It is contended by appellant that this was for the purpose of collecting an old debt due from Whatley to the appellee. But it makes no difference what appellee's purpose was, or, rather, it is immaterial whether it was to collect an old debt or not, the allegation and proof are to the effect that he was to make advances and assist in the manufacture of lumber, and was to have one-half of the net profits. This was a contract that the parties had a legal right to make, and it is a question of evidence as to whether they did make it.

It is next contended by appellant that the judgment is based, or in part based, on a contract within the statute of frauds. We do not think the statute of frauds is involved, and appellant does not point out in just what way the statute of frauds affects the case. But it is contended that that part of the judgment giving appellee a lien for part of the profits is within the statute of frauds. This is what we understand the appellant to argue. We do not think that the contract between the parties was either within the statute of frauds or was without consideration, and this is a question of fact which was determined by the chancellor.

Stackhouse was the representative of appellant, superintended or supervised the purchasing, manufacture and shipment of lumber. About this there does not seem to be any dispute in the testimony, and if he had authority to purchase timber, make contracts for the manufacture, hauling and shipment of lumber, the contract alleged to have been made in this case was within the apparent scope of his authority, and would bind his principal.

We deem it unnecessary to set out the testimony at length. This court has many times held that the findings of fact by a chancellor, unless against the preponderance of the evidence, will not be disturbed. It would serve no

purpose to set out the testimony at length or to call attention to authorities supporting this rule.

We think the chancellor's finding was sustained by a preponderance of the evidence, and the decree is therefore affirmed..