# SCHMALING *v.* JOHNSTON, ET AL.

### No. 2950

September 14, 1932                    13 P.(2d) 1111.

*W. M. Kearney* and *Geo. J. Kenny,* for Appellant:

. *A. L. Haight,* for Respondent Churchill County Bank:

## OPINION

By the Court, SANDERS, J.:

This action was commenced in the name of F. W. Schmaling. He having died, the administratrix of the estate of deceased was substituted as plaintiff. Appellant, who was plaintiff in the trial court, brought this suit against J. H. Johnston to foreclose a chattel mortgage upon certain cattle and their increase. After the suit was filed the Churchill County Bank, which had a chattel mortgage, executed by Johnston, upon some cattle upon his ranch, took possession of the cattle it claimed to have a mortgage upon. Thereafter the plaintiff amended her complaint so as to make said bank a party defendant, wherein it is alleged on information and belief that said bank claimed to have an interest in or lien upon a portion of the property alleged to have been mortgaged to the plaintiff; that said claim, interest, or lien, if any it has, is subject to the lien of plaintiff. Plaintiff demanded judgment for over $3,000 and costs, and for a foreclosure of its mortgage. ·

The defendant Johnston did not appear in the case, and in due time a judgment was entered against him as prayed.

The defendant bank appeared by answer and denied so much of the amended complaint as alleges that plaintiff had a prior mortgage and lien to that of the bank upon the cattle of which possession was taken by it.

The case was tried to a jury and a verdict was returned in favor of the bank. Thereafter the court made findings of facts and entered a decree in favor of the bank.

We have not undertaken to particularize the facts of the case, but simply to state enough to enable us to dispose of the errors assigned.

The plaintiff has appealed from the judgment only.

Plaintiff has assigned three errors: (1) That the court erred in overruling objections of the plaintiff to certain testimony; (2) that the court erred in the giving and refusing of instructions to the jury; and (3)

that the court erred in disallowing plaintiff's cost bill and in allowing defendant's cost bill.

The first alleged error discussed by the plaintiff goes to the ruling of the court on an objection to plaintiff's exhibit E. The defendant Johnston was called as a witness on behalf of plaintiff and testified to a list of cattle which he made and handed Mr. Schmaling. On cross-examination by counsel for the bank, the witness was asked: "Q. Do you remember the circumstances under which that (exhibit E) was delivered?" The witness having answered the question in the affirmative, he was asked to state what they were.

██ To this question it was objected that the inquiry was not cross-examination, and, further, Schmaling being dead, the other party to the transaction could not testify. The objections were overruled and the witness gave his testimony. No exception was taken to the ruling of the court. No exception having been taken, plaintiff is not entitled to have the point considered here. Wigmore on Ev. (2d ed.) sec. 20; 9 Ency. of Ev. 134. However, we will briefly dispose of it. Exhibit E was a list of certain cattle on Johnston's ranch made by him and concerning which testimony had been given by two other witnesses, one of them being Schmaling, who testified before his death. In State v. Boyle, 49 Nev. 386, 248 P. 48, we stated what we consider the correct rule as to cross-examination generally. The court certainly did not abuse its discretion in holding that the matter testified to was proper for cross-examination. Schmaling's testimony given before his death having been admitted, it was entirely proper for Johnston to give his testimony. 40 Cyc. 2341.

█ The next point made under the first assignment of error, and designated "b," pertains to a question asked witness Johnston on cross-examination relative to the mortgage to the bank. It is contended that the court erred in admitting the testimony for the reason that the testimony is not cross-examination, and, secondly, that there was no evidence in the record of a

mortgage having been given to the bank by Johnston. We think the witness had testified to the existence of the mortgage himself, and, furthermore, no exception was taken to the ruling of the court. It is true that the mortgage was not in evidence at the time, but was later properly admitted in evidence, and if the court erred in its ruling it was without prejudice.

It is next contended that the court erred in admitting in evidence the chattel mortgage to the bank, defendant's exhibit 2, and in admitting in evidence defendant's exhibits 1 and 3; exhibit 1 being a chattel mortgage from Johnston to A. L. Baker, and exhibit 3 being a chattel mortgage from Eugene Raker and wife to the bank.

There was no exception to the ruling of the court admitting these mortgages; however, we will dispose of the contention made, which is that the bank did not plead the execution of the mortgages in question, or in any manner attempt to set up an affirmative defense.

■ We do not think the court erred in its ruling. The plaintiff alleged holding a lien prior to that of the bank. The bank denied that allegation. It did not have to plead an affirmative defense. All that was necessary for it to do was to disprove plaintiff's allegation. 21 Cal. Jur. sec. 97; Bliss on Code Pleading (3d ed.) sec. 327; 49 C. J. 799.

It is next contended that the court erred in admitting testimony of Johnston. No exception was taken to the ruling of the court. For an understanding of this line of testimony it is necessary to state that when Johnston started his dairy along about 1918, he purchased some cows from Churchill Creamery, Inc., upon which and their increase he later gave a mortgage to Schmaling. He purchased other cattle from others, upon which and their increase the bank claims a mortgage. The real question for the jury to decide was that of identifying the respective bunches of cattle, and their increase.

■ The line of inquiry to which the last objection goes is as to whether certain cattle were those covered by the

bank's mortgage or the Schmaling mortgage. The court did not err in its ruling. If there were anyone who could testify to the "genealogy" of the cattle, if we may use that word, it was Johnston.

What we have said as to the last point applies to point "c."

There is no merit in the errors assigned to the giving of instructions 8, 9, 10, 11, and 12.

Instruction 8 defines "increase" and applies it to the offspring of the cattle mortgaged to Schmaling by Johnston.

Instruction 10 pertains to testimony to the effect that Schmaling gave Johnston permission to sell certain cattle covered by his mortgage, and the rights of purchasers thereunder. There was no error in this instruction.

Instruction 11 relates to rights of the respective parties to the cattle removed by the bank from the Johnston ranch. The law is clear and simple on this point, and the court did not err.

Instructions 9 and 12 are discussed together. They pertain to the proposition that a promissory note does not constitute payment, and to the rights of the respective parties. It is the well-settled general rule, as stated in the instructions, that a note, in the absence of an agreement to the contrary, does not constitute payment of the debt. 48 C. J. 610.

No appeal having been taken from the order denying the motion for a new trial, the plaintiff is not entitled to have the evidence reviewed by us; however, we have considered the evidence, and though it is conflicting, there is substantial evidence in support of the judgment. This is enough to warrant us in affirming the judgment. Butzbach v. Siri, 53 Nev. 453, 5 P. (2d) 533.

The last error assigned pertains to the ruling on the cost bills filed by the respective parties in the trial court. It is contended by plaintiff that the foreclosure suit is a special proceeding under section 9048 N. C. L., and hence he is entitled to his costs.

We cannot agree with the contention that it is

a special proceeding. It is an equitable action. Story on Bailments (8th ed.), sec. 310. We think the correct view is stated in Re Central Irr. Dist., 117 Cal. 382, 49 P. 354, 356, where it is said: "It may be said generally that any proceeding in a court which was not under the common-law and equity practice, either an action at law or a suit in chancery, is a special proceeding." Citing 1 Ency. Pl. and Prac., p. 112.

Perceiving no error, the judgment is affirmed.

ON PETITION FOR REHEARING

March 15, 1933.

*Per Curiam:*

Rehearing granted.