## SCHMALING *v.* JOHNSTON ET AL.

No. 2950

January 4, 1934. 27 P.(2d) 1059.

## OPINION

By the Court, SANDERS, C. J.:

F.. W. Schmaling, deceased, commenced an action in the court below against J. H. Johnston to foreclose two certain chattel mortgages upon separate and distinct herds of dairy cattle upon said Johnston's ranch near Fallon in Churchill County, Nevada. The plaintiff

joined as defendant certain fictitiously-named persons who, he alleged, claimed to have some right or interest in the mortgaged property. It appears that the plaintiff prayed injunctive relief, and that on the preliminary hearing of the injunction matter both the plaintiff and the defendant, Johnston, testified. The record discloses that the Churchill County Bank of Fallon, Nevada, was substituted as defendant for the defendant John Doe. While the action was pending, on, to wit, November 30, 1928, F. W. Schmaling was gored to death by a Jersey bull, probably the one mentioned in one of his mortgages. Afterward his widow, Lizzie Schmaling, qualified as administratrix of his property and estate. As such administratrix she filed in the original cause a second amended and supplemental complaint. Paragraph 11 of the complaint reads as follows:

"That at the time of filing the original complaint herein the mortgaged cattle referred to above, together with their increase, were situated upon the Johnston ranch premises in Sections 23 and 24, Township 19 North, Range 29 East, M. D. B. & M., Churchill County, Nevada; that said cattle were pointed out to mortgagee by J. H. Johnston on the date that service of summons and a copy of the original complaint was made upon him; that subsequent to said date and prior to October 10th, 1928, defendant, Churchill County Bank, seized a portion of the stock referred to above and described in 'Exhibit A', attached hereto and made a part hereof to which reference is hereby made; that said Churchill County Bank took said cattle from the premises of J. H. Johnston, the mortgagor, and brought the same to what is known as the George Ernst Ranch in Churchill County, Nevada, claiming to have some right, title or interest in and to said mortgaged cattle; that the portion of the mortgaged cattle taken by said Churchill County Bank and claimed by it, consisted and consists of the following. * * * "

The defendant Churchill County Bank answered the complaint, and for answer alleged as follows: (1) Denies

all matters contained in paragraph 11, commencing on page 5 thereof; (2) denies all matters contained in paragraph 9, commencing on page 9 thereof. Default judgment was entered against the defendant J. H. Johnston for his failure to answer said complaint. The issues thus framed were tried to the court with the assistance of a jury. Upon the conclusion of the testimony, the case was submitted to the jury under instructions, together with special interrogatories. The general verdict and the answer to said interrogatories was favorable to the defendant Churchill County Bank. The plaintiff filed notice for her intention to move for new trial upon the ground of the insufficiency of the evidence to justify the verdict and that the same was against law and for errors of law occurring at the trial and excepted to by the plaintiff, and upon the further ground of newly discovered evidence. While the motion for new trial was pending, each of the parties submitted to the court for its approval proposed findings of fact and conclusions of law and forms of judgment. Afterward the motion for new trial was denied and overruled, and upon court order the findings of fact and conclusions of law and the form of judgment as proposed by the defendant bank were adopted. In its findings the court adopted the general verdict of the jury and the so-called special verdict, which read as follows:

"We, the jury in the above-entitled case, find for the Plaintiff as to the following described cattle, which we find to have been covered by one or both of the Schmaling mortgages, namely: Five of the youngest heifers not identified positively as to lineage and we find for the defendant Churchill County Bank as to the following described cattle, which we find not to have been included in one or both of the Schmaling mortgages, namely: Nineteen head including cows, older heifers and balance of younger heifers taken to Ernst Ranch."

"1. Do you find that cattle were removed from the ranch of J. H. Johnston, one of the defendants in this case, to the ranch of George Ernst after the plaintiff

had served defendant J. H. Johnston with foreclosure proceedings? Answer: Yes.

"2. Do you find that said cattle or any of them so removed from the said Johnston ranch were removed by the Churchill County Bank, a corporation, one of the defendants herein, or its agents? Answer: Yes.

"3. Do you find that said cattle or any of them so removed from the said Johnston ranch were or are cattle covered by the said mortgages given by defendant J. H. Johnston to F. W. Schmaling? Answer: Yes.

"4. If you answer Special Issue No. 3 in the affirmative, then which or what number of said cattle removed from the said Johnston ranch by said Churchill County Bank were covered by the mortgages of F. W. Schmaling? Answer: Five younger heifer calves.

"5. Do you find that the cattle delivered by defendant J. H. Johnston to Eugene Raker were returned to defendant J. H. Johnston by Eugene Raker? Answer: Yes.

"6. Do you find that any of the increase of the cattle delivered to Eugene Raker by defendant J. H. Johnston were returned to defendant J. H. Johnston by Eugene Raker? Answer: Yes.

"7. Do you find that any of the cattle delivered by defendant J. H. Johnston to Eugene Raker were at the time of such delivery covered by the mortgages which he, Johnston, had previously executed to F. W. Schmaling? Answer: No.

"8. If your answer to Special Issue No. 7 be in the affirmative, then which or what number of said cattle so delivered by defendant J. H. Johnston to Eugene Raker were covered by mortgages which he, defendant Johnston, had previously executed to F. W. Schmaling? Answer: ———."

Afterward the plaintiff gave separate notices of appeal from the order denying her motion for new trial and from that portion of the judgment based upon the general verdict of the jury. On September 14, 1932, the appeal from the judgment was affirmed. 54 Nev. 293, 13 P. (2d) 1111. The appellant petitioned the court for a rehearing of the cause, which

was granted, and the case was reargued and again submitted.

I being credited with the authorship of the former opinion, the case was reassigned to me for an opinion on rehearing.

1. The court erroneously stated in the former opinion (syllabus 1) that: "Where no exception was taken to ruling of court overruling plaintiff's objection to question, plaintiff is not entitled to have point considered on appeal." This holding was error. Under section 376 of our civil practice act as amended in 1915, N. C. L. sec. 8874, a ruling sustaining or overruling an objection to evidence is deemed to have been excepted to.

2. The former opinion correctly states that: "The real question for the jury to decide was that of identifying the respective bunches of cattle, and their increase." We have set out herein an enlarged statement of the issues, the general verdict and special findings of the jury, in order to show that as between the plaintiff and the defendant Churchill County Bank the jury did not misapprehend the issues or the conflicting testimony as to the question of the identity of the cattle claimed by the plaintiff and alleged to have been seized by the defendant bank. The question of fact of the identity of the cattle was peculiarly one for a jury to determine, and we adhere to the conclusion reached in the former opinion that we cannot say that the evidence does not sustain the verdict and findings of the jury, adopted by the court as its own findings.

Because of the earnestness and the assiduity with which the case has been presented, we have gone into the record to see if the appellant was deprived of a fair and impartial trial in any respect, or of any substantial right, by the rulings contained in the former decision. We have carefully read and examined the record, with the result that we adhere to the former decision and now adjudge that the order denying and overruling the appellant's motion for a new trial be and is sustained, and that the judgment appealed from be and is again affirmed.