347 P.2d 171

M. K. HALL, d/b/a M. K. Hall and Company, Plaintiff-Appellee,

v.

J. H. BRYANT, Defendant-Appellant.

No. 6548.

Supreme Court of New Mexico.

Nov. 25, 1959.

Fred Boone, Portales, for appellant.

James C. Compton, Portales, for appellee.

LUJAN, Chief Justice.

This action instituted by the plaintiff-appellee was predicated upon several causes of action; namely, to foreclose a chattel mortgage on a 1955 Diamond T tractor-truck and recover the unpaid balance of a promissory note secured by same; to recover the remaining balance due, upon three lease agreements, for six tires leased to defendant-appellant; to recover judgment for the entire amount of a promissory note executed by appellant for a drag-axle unit; to obtain judgment for certain sums of money appellee alleges is due for pre-

paid insurance premiums upon the aforesaid motor vehicle.

The trial court held that the indebtedness remaining upon the motor vehicle, and the tires leased to appellant, were secured by the chattel mortgage, and that said chattels were therefore subject to foreclosure. The trial court further granted judgment for the promissory note on the drag-axle, and, in addition thereto, granted appellee relief for express penalties, interest and attorneys' fees, as provided for by the respective legal instruments in evidence. Appellant appeals from said judgments. The district court dismissed appellee's cause of action for paid insurance premiums from which a cross appeal was taken which he chose not to perfect.

A résumé of the salient facts is deemed necessary. On March 13, 1957, the appellee sold appellant a 1955 Diamond T tractor-truck, for the sum of $8,000; appellant executed a promissory note for said amount secured by a chattel mortgage on said truck. The note provided that payments were to be made at the rate of $175 per trip for each trip that the truck made, but this sum was later reduced to $150 per trip by mutual agreement. On March 6, 1957, appellee sold appellant a drag-axle taking his promissory note in the sum of $1,350, said note containing no provision for the amount of weekly payments. On September 30, October 23, and November 5, 1957, under three lease agreements, appellee leased or sold six tires to appellant for the total rental installment amount of $915.

Appellee acted as broker for appellant on all trips made with the aforesaid truck receiving a brokerage fee of $25 per load. Appellee would also rent trailers to appellant to use with said tractor-truck, receiving 20% of the gross income for each trip made by the tractor-truck. Appellee and appellant had agreed that the former would arrange all hauls and would advance expenses if necessary. The check, representing the gross receipts for each haul, would be given directly to the appellee from which the appellee would subtract the trailer rental fee, brokerage fee, advanced expenses, and the sum of $150 representing the truck payment due under the terms of their agreement; appellee would then remit the residue, if any, to appellant. The appellee would also from time to time deduct sums of money from appellant's proceeds for the payment of insurance premiums under the provisions of the chattel mortgage. Appellant alleges that, from October 29, 1957, unbeknown to appellant, appellee failed to deduct from appellant's proceeds from each haul the sum necessarily due for the truck payment, thereby placing appellant in default.

On December 27, 1957, appellee brought a replevin action for said truck, which was subsequently dismissed. On February

21, 1958, appellee executed a writ of attachment which was later quashed. At the trial of this action, appellant tendered to the trial court the sum of $1,650 representing truck payments of $150 per trip for hauls made subsequent to the dismissal of the replevin action.

The assignments of error are argued under five points, to wit:

"Point I. An action to foreclose a Chattel Mortgage is recognized as an equitable action, and all equitable principles apply thereto, and equitable defenses are available to defendant.

"Point II. Plaintiff by his conduct in failing to notify Defendant, on October 29, 1957, that he was no longer applying Defendant's money to payment of the note, secured by Chattel Mortgage, as he had been doing at all times since the execution of such note and mortgage, and instead applying such money to unsecured accounts of Defendant, and Defendant in good faith relied on Plaintiff to make payments on his secured note as Plaintiff had been doing, Plaintiff was estopped to deny payments on the said secured note and claim default in the terms of said mortgage.

"Point III. When a mortgage does not provide a time certain for payment, demand and notice must be given to the mortgagor before foreclosure.

"Point IV. A finding of fact not supported by substantial evidence cannot be sustained on appeal, and a judgment based on such a finding is itself without support.

"Point V. Clerical mistakes in judgments should be corrected by the trial court, upon motion properly made, and it is error for the court to arbitrarily refuse to do same."

Appellant's contentions under Point I pose no particular problem for the court. The distinction between Law and Equity has long since been abolished and only one form of action, designated as a civil action, exists today; however, the court recognizes that while Law and Equity have been merged, equitable principles will apply to an equitable action. S. F. Bowser & Co. v. Hartnett, 217 Mo.App. 147, 273 S.W. 420; Consolidated Wagon & Machine Co. v. Kay, 81 Utah 595, 21 P.2d 836; McKinney v. New Rocky Grocery Co., 176 Ark. 463, 3 S.W.2d 295; Schmaling v. Johnston, 54 Nev. 293, 13 P.2d 1111; affirmed 55 Nev. 164, 27 P.2d 1059; McCormick v. Hartley, 107 Ind. 248, 6 N.E. 357; Greer v. Goesling, 54 Ariz. 488, 97 P.2d 218; Cohen v. Beaudry, City Ct., 100 N. Y.S.2d 519; Elmore Jameson Co. v. Smith, 34 Cal.App.2d 609, 93 P.2d 1063.

■ Appellant raises the defense of equitable estoppel under Point II. Appellee rightfully contends that equitable estoppel is an affirmative defense and must be pleaded in the answer which the appellant failed to do. However, this court has the authority to review the issue notwithstanding appellant's failure to plead same in the lower court. 1953 Comp., § 21–1–1(15) (b) states:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not effect the result of the trial of these issues."

■ The result of trial is not affected by failure to amend the pleadings to conform to the proof actually admitted. Ruud v. American Packing & Provision Co., 9 Cir., 177 F.2d 538.

The issue as to whether or not appellee acted in good faith when he ceased to apply trip payments to the chattel mortgage was clearly raised in the trial of this action by the testimony and by motion.

■ An absence of pleading supporting the proof becomes immaterial when the matter is litigated without objection to the deficiency in the pleading. George v. Jensen, 49 N.M. 410, 165 P.2d 129. See also Posey v. Dove, 57 N.M. 200, 257 P.2d 541 and Holley Coal Co. v. Globe Indemnity Co., 4 Cir., 186 F.2d 291.

■ Where issues not within the pleadings are litigated without objection, the pleadings should be treated as amended by the trial court, or by the Supreme Court on appeal, so as to put in issue all litigated issues. Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837, 839. See also Berkstresser v. Voight, 63 N.M. 470, 321 P.2d 1115.

■ A careful reading of the record places some strain upon credulity in behalf of the appellee with respect to the allegation that appellant had been made aware by appellee, or his employee, that appellant was indeed in default subsequent to October 29, 1957. Were appellee's actions concerning cessation of truck payments arbitrary; were they tainted with deliberate intent; or were they simply a matter of sloppy business practice? On the other hand the testimony in behalf of appellant, reveals that Mrs. Bryant was normally aware of the appellee's allocation of a particular haul's gross receipts; but there is much controversy as to whether she was in fact totally ignorant of ap-

pellee's breakdown of her husband's gross income per trip subsequent to October 29, 1957. Each side attempts to point an accusing finger at the other claiming foul. We do not think it unreasonable to charge appellee with the duty of informing appellant of his alleged default in this instance since there is no dispute with the fact that appellee disbursed appellant's earnings for each and every trip made by him up to December 27, 1957. Nonetheless, all confusion and conflict in the testimony with respect to the questions of knowledge and intent are forever put aside with the bringing of a replevin action by appellee on December 27, 1957. The action was correctly dismissed but it unequivocally put the appellant on notice that something was definitely amiss, assuming for the sake of argument that appellant was completely unaware of default. From that time forth appellant cannot plead ignorance nor surprise and the issue of equitable estoppel ceases to exist.

■ The appellant also contends that the lower court erred in refusing his tender of $1,650 into court at the trial of this action. The record reveals that the indebtedness on the promissory note secured by the chattel mortgage at said time was $5,225. It is elemental that the trial court correctly refused his tender inasmuch as he, being in default, must tender all that is justly due under the mortgage, together with interest, expenses and costs directly and reasonably incurred by the mortgagee in his action to foreclose the same. Navajo Live Stock & Trading Co. v. Gallup State Bank, 26 N.M. 153, 189 P. 1108.

■ Point III is easily resolved. The testimony in behalf of the appellant admits the fact that, subsequent to the dismissal of appellee's replevin action, appellant did not place any funds within the hands of the appellee concerning the truck payments provided for under the terms of the mortgage note. We have decided above that appellant was clearly in default following dismissal of the replevin action on December 27, 1957. A second notice to appellant was had two months later with the execution of a writ of attachment upon the tractor-truck which was quashed. Appellant argues that inasmuch as certain times for payment were not provided for under the terms of the mortgage note, that a prior demand or notice was prerequisite to foreclosure. Definite times for payment were indeed provided for in the note. Appellant was to pay, by periodic installments of $175 per trip, later reduced by mutual assent to $150, for each and every trip made by the tractor-truck in issue; these were, in effect, his certain times for payment.

As for the necessity of demand or notice as a prerequisite to foreclosure proceedings, the chattel mortgage expressly waives demand or notice to the mortgagor:

"In case default be made in the payment of said debt, or interest, or any installment of said note, or any extension or renewals thereof, or if any execution, attachment, sequestration or other writ shall be levied on said goods and chattels * * * then upon the happening of said contingencies or any of them, the whole amount herein secured unpaid shall at once become due and payable and said mortgagee, may without notice, foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods and chattels may be and remove and sell the same and all equity of redemption of the mortgagor therein * * * without demand for performance * * *."

In addition thereto, the note secured by the mortgage provided:

"That failure to pay any installment of this note when due shall without notice to the makers or endorsers and without any election on the part of the holder, mature the whole amount remaining unpaid and the same shall be immediately due and payable * *."

Under Point IV several interesting questions of law present themselves. The first question pertains to the "after-acquired property clause" in the chattel mortgage which reads in part as follows: " * * * said property (reference is made to the tractor-truck) now being in mortgagor's possession unencumbered, and of which said mortgagor is the sole owner together with all extra equipment now or hereafter attached to, used with, or placed thereon, more especially tires and tubes' * * *". Appellant argues that there was no agreement, express or implied, that the tires in issue were to be placed on the tractor-truck aforesaid, and therefore his indebtedness upon said tires cannot be subject to the provisions of the chattel mortgage. From a reading of the record it appears that all the tires eventually found their way to the said tractor-truck.

Since the mortgagee and the lessor are the same person, it is not necessary for us to decide whether or not the tires are included under the mortgage as "after acquired property," because appellee is either entitled to reach them under the mortgage, or as lessor would be entitled to the immediate possession under the terms of the lease. When the court determined that foreclosure was the proper method of proceeding the appellant was not injured and should not be heard to complain.

With respect to the rights of the appellee against the subject-matter of the chattel mortgage, the law stands uncontradicted in this jurisdiction that the

lien theory of mortgages prevails and that possession by the mortgagee is not requisite to the preservation of his lien; nor need he have possession when resorting to equity for foreclosure. Armijo v. Pettit, 32 N.M. 469, 259 P. 620, 623; Mathieu v. Roberts, 31 N.M. 469, 247 P. 1066; Enfield v. Stewart, 24 N.M. 472, 174 P. 428, 2 A.L. R. 196; Stearns-Roger Mfg. Co. v. Aztec, Gold Min. & Mill. Co., 14 N.M. 300, 93 P. 706. A contract provision by which the absolute property in a thing mortgaged is to vest in the mortgagee on default is void; the mortgagee is not entitled, on mortgagor's default, to take property in satisfaction of a debt. American Mortgage Co. v. White, 34 N.M. 602, 287 P. 702.

From an examination of the documentary evidence, introduced at the trial, we are convinced that the trial court erred in finding that the "after-acquired property clause" was included within the tire lease agreements. The fact is that the above clause appears in the chattel mortgage given to secure the payments of the tractor-truck, and when the after-acquired tires were attached to the tractor-truck the terms of the chattel mortgage controlled. Only inadvertence can account for this misstatement.

With respect to Point V, we find no foundation in the record to support the assignments of error. Where a case is tried by a court without a jury, the trial court becomes the sole judge of the credibility of witnesses and the weight to be given to their testimony. The court received the testimony of witnesses presented on the issue of paid insurance premiums, without contradiction by direct testimony of other witnesses. It weighed the evidence and rendered its decision in conformity therewith. We see no reason to disturb the finding of the trial court on this issue.

The judgment is affirmed and the cause remanded with direction to the lower court to enter judgment against the appellant and the sureties upon his supersedeas bond.

It is so ordered.

McGHEE, CARMODY and MOISE, JJ., concur.

COMPTON, J., not participating.