[No. 3281. Dec. 31, 1927.]

CRAVENS v. COLDREN et al.

[263 Pac. 502.]

Geo. W. Prichard, of Santa Fe, for appellant.

Geo. B. Barber, of Carrizozo, for appellees.

## OPINION OF THE COURT

PARKER, C. J.  A motion to dismiss the appeal. has been filed by appellees based upon the assumption that appellant is seeking by one appeal and one record filed to review two separate judgments rendered by the district court of Lincoln county.

The record before us discloses the following facts: Samuel S. Coldren filed a suit in ejectment against John M. Cravens (No. 3262), in the district court, Lincoln county. Answer and reply were filed and issues joined. Trial was had, evidence taken, and judgment rendered. For convenience, we will hereafter refer to this cause as the ejectment suit. During the trial there was some discussion of consolidating the ejectment suit with cause No. 3516, wherein John M. Cravens was plaintiff and Samuel S. Coldren and several others were defendants, but no order of consolidation was then entered. Cause 3516 appears to be a suit in equity. for a money judgment and lien upon the real estate involved in the ejectment suit. For convenience, we will hereafter refer to this action as the equity suit. At the conclusion of the trial a separate final judgment was entered in each case. In the judgment in the equity suit, the following appears:

"The above-entitled action was consolidated by consent of parties with cause No. 3662, Coldren v. Cravens."

But one motion for appeal was filed, praying an appeal from both judgments, and but one order granting such appeal from both judgments was entered. The conditions recited in the supersedeas bond refer only to the ejectment suit. The bill of exceptions contains the transcript of evidence and proceedings of trial had only in the ejectment suit. The præcipe for record calls for a complete

record in the ejectment suit and an incomplete record in the equity suit. Only one case has been docketed in this court, but the title under which it is docketed is broad enough to cover either of the two cases. There has been no application for, nor order of, consolidation in this court.

From the record it appears that the appeal has been perfected in the ejectment suit, and that no attempt has been made to perfect the appeal in the equity suit.

In appellant's brief, he states that the appeal is in the ejectment suit and not in the equity suit, and that he does not ask that the equity suit be considered as before this court.

It appears from the foregoing that appellees have filed their motion to dismiss appeal under a false assumption.

Motion to dismiss appeal is denied, and this court will review the ejectment suit on the merits.

BICKLEY and WATSON, JJ., concur.