[No. 3281. July 18, 1929.]

CRAVENS v. COLDREN.

[279 Pac. 944.]

See, also, 263 P. 502.

Geo. W. Prichard, of Santa Fe, for appellant.

Geo. B. Barber and A. H. Hudspeth, both of Carrizozo, for appellee.

### OPINION OF THE COURT

CATRON, J. Samuel C. Coldren brought suit in ejectment against John M. Cravens, pleading, in addition to the statutory requirements, the origin and extent of his title by virtue of which he claimed the right to the possession of the premises involved.

Upon issues joined, trial was had, and at the conclusion thereof the trial court found the issues for plaintiff and rendered judgment, decreeing that plaintiff recover of the defendant the possession of the real estate described, together with the sum of $25 damages for unlawful withholding thereof and for costs of suit, from which judgment the defendant appealed.

For a complete understanding of the points here presented by the appellant, it will be necessary to give a history of the case.

Edmund R. Ball acquired the premises in question by homestead entry. He died testate in 1914, devising and bequeathing all of his properties to his sister Mrs. Alice Turner and her son Noel Turner, and designating John Cravens as "administrator." His will was duly proved and admitted to probate on the 2d day of March, 1915, and John M. Cravens, the present appellant, was appointed executor and took possession of the properties of the

estate. The deceased left personal property, which was sold by the executor for an amount in excess of the debts of the estate. The real estate of the deceased contained some improvements which were badly in need of repair, and the executor, without any order of the court, expended or advanced moneys to repair the said premises so as to make it inhabitable, and advanced moneys to the devisees. On the 4th day of May, 1920, he filed a report of his acts and doings as executor which, among many other items, contained the expenditures made by him for improvements of the property, as well as the advancements to the devisees, and showed an expenditure of $1,161.10 over and above the cash derived from the sale of personal property. During the September, 1920, term of the probate court of Lincoln county, upon objection of the devisees to the report of the executor, the probate judge rejected said report and ordered the executor to make and file a final report before the next term of said court. On the 7th day of March, 1921, the executor filed a report, which shows the payment of all debts of the estate, including the advancements made as hereinabove noted, also the executor's fees, and a complete balancing of the accounts of the estate, but it states that a full and final accounting and report of the estate could not be made at that time because the estate had not been fully administered, there being titles to real estate to be adjusted before the administration could be closed. Statutory notices were given to the effect that the executor had filed his final report, and on the 6th day of May, 1921, the probate court entered an order approving said report as the final report of the executor and discharging him and his bondsmen. Thereafter the executor filed a petition in the probate court praying that said order be vacated and set aside and that he be allowed various amounts claimed to be due him and that the real estate of deceased, or so much thereof as might be necessary, be sold to pay said claims. This petition was overruled, and the executor appealed to the district court, where said appeal was pending at the time of the bringing of the present ejectment suit, but was dismissed by the district court on April 15, 1925.

After the approval of the final report of the executor, Samuel S. Coldren, the plaintiff below, acquired by direct and mesne conveyances all of the right, title, and interest of the devisees in and to the real estate formerly belonging to Edmund R. Ball, and filed his suit in ejectment against Cravens, who was in possession of the property.

With the foregoing conditions existing, Cravens filed his answer and cross-complaint in the ejectment suit, whereby he endeavored to have the district court allow the moneys advanced to the estate and to the devisees as a claim against the estate and a lien upon the realty and to have the deeds to Coldren vacated and annulled and the real estate, or so much thereof as might be necessary, sold to satisfy such claims, thereby pleading the same claims in his cross-complaint which were by the order of the probate court approving his final report allowed and collected by him, as shown in said report.

The plaintiff filed a reply to the cross-complaint, in which he pleads that, by virtue of the final report, the order approving the final report, and the proceedings had thereon, the defendant Cravens was precluded, barred, and estopped from presenting said questions in the ejectment suit.

Appellant here presents three points for consideration:

I. The appellee having failed to deny any of the things pleaded in the answer and cross-complaint of appellant, the appellant is entitled to judgment on the ground that all material allegations not denied are admitted to be true.

II. The order of the probate court in discharging appellant as executor without allowing or rejecting his claim was irregular, void, and open to collateral attack.

III. Interpolated figures in the executor's account without his consent or knowledge, by which it is made to appear that he credits himself with $1,165 which he did not receive from the estate, is a fraud for which a court exercising equity jurisdiction will give relief in a collateral proceeding or attack.

Appellant's first point is not well taken, for the record discloses a reply which is broad enough in its terms to place at issue all the questions and matters raised in the cross-complaint.

■ Appellant's second point is erroneous because the order of the probate court approving the executor's report as a final report did allow all of the claims, which in this suit he seeks to have allowed, and the report shows that he collected same.

■ Under appellant's third point, the briefs contained considerable discussion as to the equity jurisdiction of the district court over the subject-matter of the cross-complaint. Section 1430 of the New Mexico Codification 1915 provides as follows:

"The Probate Courts shall have exclusive original jurisdiction in all the following causes, towit: The probate of last wills and testaments, the granting letters testamentary and of administration and the repealing or the revocation of the same, the appointment and removal of administrators, the appointment and removal of guardians of orphans and persons of unsound mind, the binding out of apprentices, the settlement and allowance of accounts of executors, administrators and guardians, the hearing and determination of all controversies respecting wills, the right of executorship, administration and guardianship, the hearing and determination of all controversies respecting the duties, accounts and settlements of executors, administrators and guardians, the hearing and determination of all controversies between master and those bound to him, the hearing and determination of all controversies respecting any order, judgment or decree in such probate courts with reference to any of the foregoing matters of which the probate courts are herein given exclusive original jurisdiction, and no suit shall be prosecuted or begun in any district court to review or in any manner inquire into or reopen or set aside any such order, judgment or decree, and no such order, judgment or decree shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law."

This statute on its face gives the probate court exclusive jurisdiction in such matters, but appellant contends that the statute does not exclude jurisdiction of equity to vacate the judgment of a probate court for fraud in the procurement of it. This statute has been under consideration in this court on numerous occasions; the latest being the First National Bank v. Dunbar, 32 N. M. 419-423, 258 P. 817. Further consideration of this question is not now required. It is sufficient for present purposes to point out that the fraud upon which appellant relies was not pleaded, and no such issue was presented in the trial of this cause.

Such facts were perhaps pleaded in an equity suit which

was consolidated with this cause for purpose of trial, but appellant, as heretofore held by this court in a former opinion in the present case, did not appeal the equity cause. Cravens v. Coldren, 33 N. M. 114, 263 P. 502.

It follows from the foregoing that the judgment of the trial court must be affirmed, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.